[822 NYS2d 42]

In the Matter of DARNAY HOFFMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 28, 2006

2

APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jun Hwa Lee* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Darnay Hoffman was admitted to the practice of law in the State of New York by the First Judicial Department on August 7, 1995. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (the Committee) seeks an order pursuant to 22 NYCRR 603.3 publicly censuring respondent predicated upon similar discipline issued by the United States Court of Appeals for the Eleventh Circuit (the Eleventh Circuit).

Respondent represented a party in an appeal before the Eleventh Circuit. Respondent requested and was granted oral argument of the appeal. Despite being given notice of the date of oral argument, respondent failed to appear. The Eleventh Circuit subsequently instituted disciplinary proceedings against respondent based upon his failure to appear, alleging that respondent failed both to provide adequate representation to his client and adhere to the rules of practice of the Eleventh Circuit. The Eleventh Circuit issued an order finding that respondent had committed professional misconduct and publicly censuring him.

Respondent was provided with notice of this proceeding yet has submitted no response to the Committee's motion.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defen-

ses except: (1) lack of notice constituting a deprivation of due process; (2) an infirmity of the proof presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Power*, 3 AD3d 21, 23 [2003]).

Here, respondent was provided with ample notice of the disciplinary action and an opportunity to answer the charges of misconduct asserted against him. The findings of misconduct were based on respondent's testimony and documentary evidence, and there was no infirmity of proof. Finally, respondent's conduct would constitute misconduct in this state (*see* Code of Professional Responsibility DR 1-102 [a] [5] [lawyer shall not engage in conduct prejudicial to the administration of justice]; DR 7-106 [a] [lawyer shall not disregard standing rule of a tribunal] [22 NYCRR 1200.3, 1200.37).

Accordingly, the petition should be granted and respondent publicly censured.

SAXE, J.P., MARLOW, GONZALEZ, CATTERSON and McGUIRE, JJ., concur.

Respondent publicly censured.