[994 NYS2d 593]

In the Matter of CATHY C. CARDILLO (Admitted as CATHY CHRIS-
TINA CARDILLO), an Attorney, Respondent. DEPARTMENTAL
DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPART-
MENT, Petitioner.

First Department, October 14, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Com-
mittee*, New York City (*Kaylin L. Whittinghan* of counsel), for
petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Cathy C. Cardillo was admitted to the practice of law in the State of New York by the First Judicial Department on March 2, 1998, under the name Cathy Christina Cardillo. At all times relevant to this proceeding, respondent maintained an office for the practice of law in New Jersey.

By order entered November 20, 2013, this Court suspended respondent for failure to register with the Office of Court Administration and pay the requisite registration fees since the 2006/2007 biennial period (Judiciary Law § 468-a).

The Departmental Disciplinary Committee now seeks an order pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3 censuring respondent, predicated upon similar discipline imposed by the Supreme Court of New Jersey or, in the alternative, sanctioning respondent as this Court deems appropriate.

On May 29, 2014, the Committee served respondent with the instant petition by first-class and certified mail, return receipt requested, to her registered address in Hoboken, New Jersey. Both mailings were returned to the Committee marked "Not Deliverable." On June 3, 2014, the Committee also mailed the petition to an address in Jersey City, obtained via an internet search. Although those mailings were not returned, respondent has not submitted a response to this motion.

By order entered December 19, 2012, the Supreme Court of New Jersey reprimanded respondent for engaging in unethical conduct, in violation of rule 5.6 (b) of the New Jersey Rules of Professional Conduct (RPC).

Respondent's misconduct is predicated upon her actions in connection with the settlement of a landlord-tenant dispute on behalf of her clients. On February 15, 2007, following a determination by the New Jersey Rent Control Board that rents charged to Jay Rubinstein and Gary Rubinstein were too high, respondent filed a civil action on behalf of the Rubinsteins and other tenants in the matter of *Rubinstein v Bloomfield 206 Corp.*, (docket No. HUD-L-921-07 [the Rubinstein litigation]). Thereafter, counsel for Bloomfield 206 Corp. (Bloomfield) filed a motion to disqualify respondent from representing the Rubinsteins on the ground that her representation of Liberty Realty, LLC (Lib-

erty) in 2000 presented a conflict of interest given that two of the three principals of Liberty, James Stathis and Steven Silverman, owned Bloomfield.

While the motion was pending, respondent and counsel for Bloomfield negotiated a settlement of the Rubinstein litigation pursuant to which the plaintiffs received cash and rent credits totaling $150,000. Contemporaneously with the negotiation of the settlement, respondent entered into an agreement with counsel for Bloomfield and its principals, Stathis and Silverman, whereby respondent agreed to refrain from representing clients adverse to Bloomfield, Stathis and Silverman, or their affiliates (the Cardillo agreement).

In September 2010, the District Ethics Committee (DEC) filed a disciplinary complaint against respondent which alleged that she violated RPC rule 5.6 (b) by entering into the Cardillo agreement. Respondent filed an answer and supplemental answer in which she admitted to the facts and accepted responsibility for her conduct, but denied having engaged in a conflict of interest. A hearing was held before a DEC Hearing Panel on January 6, 2011, at which respondent appeared and gave testimony. By a report dated February 22, 2011, the DEC found that there was clear and convincing evidence that "the Rubinstein Settlement Agreement and Release and the Cardillo Agreement restricting [respondent's] practice were both part and parcel of the same agreement." As such, the DEC determined that the restriction on respondent's practice "was unethical under RPC 5.6 (b)," and recommended that she be reprimanded. After a de novo review of the record, the Disciplinary Review Board (DRB) issued a decision, dated November 23, 2011, agreeing with the DEC's factual findings and the recommended sanction of reprimand. By order entered December 19, 2012, the Supreme Court of New Jersey confirmed the DRB's recommendation and reprimanded respondent, with one Justice dissenting (*In re Cardillo*, 212 NJ 486, 57 A3d 1098 [2012]).

In this proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3 (c), respondent is precluded from raising any defenses except: (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of the proof establishing the misconduct; and (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York.

Since respondent has not submitted a response to this petition, she has not raised any of the aforementioned defenses. In

any event, a review of the record establishes that respondent was afforded due process and that sufficient evidence established her misconduct. Indeed, respondent testified before the DEC Hearing Panel, and in her answer to the disciplinary complaint she accepted responsibility and the resulting discipline for her actions. Moreover, the conduct for which respondent was disciplined in New Jersey constitutes misconduct in New York. The provision under which respondent was censured in New Jersey, RPC 5.6 (b), provides that a lawyer is prohibited from "offering or making . . . an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a controversy between private parties." That rule is essentially identical to the language of former New York Code of Professional Responsibility DR 2-108 (b) (22 NYCRR 1200.13 [b]), which states that "[i]n connection with the settlement of a controversy or suit, a lawyer shall not enter into an agreement that restricts the right of a lawyer to practice law."[1] Such conduct is also sanctionable under rule 5.6 (a) (2) of the current New York Rules of Professional Conduct (22 NYCRR 1200.0).[2]

With regard to the appropriate sanction, in reciprocal disciplinary matters "this Court accords significant weight to the discipline imposed by the jurisdiction where the charges were originally brought" (*Matter of Jaffe*, 78 AD3d 152, 158 [1st Dept 2010]; *see Matter of Jarblum*, 51 AD3d 68, 71 [1st Dept 2008]). In this matter, the Supreme Court of New Jersey imposed a public reprimand upon respondent which is the equivalent of a public censure in this state (*see Matter of Power*, 3 AD3d 21, 24 [1st Dept 2003]; *Matter of Maiorino*, 301 AD2d 53, 56 [1st Dept 2002]), and no reason is offered to depart from the sanction imposed by New Jersey. Although there are no disciplinary cases related to violations of DR 2-108 (b) (22 NYCRR 1200.13 [b]) or its replacement rule 5.6 (a) (2) of the Rules of Professional Conduct (22 NYCRR 1200.0), censure is in accord with this Court's precedent for matters involving unethical conduct (*see e.g. Matter of Rogge*, 51 AD3d 367 [1st Dept 2008] [attorney reciprocally censured for settling a matter

---

1. DR 2-108 (b) was the disciplinary rule in effect in 2007 when respondent entered into the Cardillo agreement at issue.

2. Effective April 1, 2009, the New York Rules of Professional Conduct replaced the New York Code of Professional Responsibility. Rule 5.6 (a) (2) provides that "[a] lawyer shall not participate in offering or making . . . an agreement in which a restriction on a lawyer's right to practice is part of the settlement of a client controversy."

without client's consent, failing to advise client of settlement and that he was holding settlement monies, and neglecting to promptly inform other party that client had rejected the settlement]; *Matter of Hoffman*, 34 AD3d 1 [1st Dept 2006] [attorney reciprocally censured for failing to provide adequate representation to his client and adhere to the rules of practice]).

Accordingly, the Committee's petition for reciprocal discipline should be granted and respondent publicly censured pursuant to 22 NYCRR 603.3.

GONZALEZ, P.J., ACOSTA, DEGRASSE, FREEDMAN and RICHTER, JJ., concur.

Respondent publicly censured.