[25 NYS3d 138]

In the Matter of DANIEL D. KIM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 2, 2016

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy W. Parrino* of counsel), for petitioner.

*Richard E. Grayson*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Daniel D. Kim was admitted to the practice of law in the State of New York by the Second Judicial Department on March 4, 1992. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In 2011, the New Jersey Office of Attorney Ethics (OAE) charged respondent with, inter alia, the failure to maintain required trust account records in violation of rule 1.15 (d) of the New Jersey Rules of Professional Conduct and New Jersey Rules of Court rule 1:21-6. Respondent, represented by counsel, filed an answer in which he admitted some of the facts alleged by the OAE but denied the charges. Respondent testified at the hearing on the charges held before a Special Ethics Master.

The Special Master sustained the inadequate record-keeping charge, noting that respondent admitted the underlying conduct, and that the charge was well supported by the record. Following a de novo review of the record, the Disciplinary Review Board (DRB), confirmed the Special Master's liability findings insofar as respondent failed to maintain required trust account records. DRB recommended a three-month suspension, as well as the requirement that respondent provide the OAE with "monthly reconciliations, on a quarterly basis, for a period of two years." The Supreme Court of New Jersey adopted the DRB's liability findings, but not its sanction recommendation, and it suspended respondent for a period of six months, effective July 31, 2015, and directed the OAE to conduct semiannual audits of respondent's attorney accounts and records for two years (*Matter of Kim*, 222 NJ 3, 116 A3d 567 [2015]).

The Departmental Disciplinary Committee now moves, pursuant to Rules of the Appellate Division, First Department

(22 NYCRR) § 603.3, for an order imposing reciprocal discipline upon respondent in the form of a public censure, or in the alternative, imposing whatever sanction this Court deems appropriate.

The only defenses to reciprocal discipline are enumerated at 22 NYCRR 603.3 (c), to wit: a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; or the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (*Matter of Hoffman*, 34 AD3d 1 [1st Dept 2006]).

Respondent has submitted a response in which he states that, inter alia, he received sufficient notice and opportunity to be heard, and there was sufficient proof of misconduct; and, thus, he does not have a defense under 22 NYCRR 603.3 (c) (1) or (2). However, he argues that he has a defense under 22 NYCRR 603.3 (c) (3) in that his misconduct in New Jersey does not constitute misconduct in New York because the record-keeping requirements under New York rule 1.15 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0) are not as extensive as New Jersey's rule 1.15 (d) which also directs compliance with New Jersey Rules of Court rule 1:21-6.* Nonetheless, respondent consents to the imposition of reciprocal discipline in the form of a public censure: "I request that this Court, acknowledging the significant record keeping differences between New York and New Jersey, and taking [into] account my unblemished record, the changes in my practice and my record of pro bono work, impose the public censure recommended by the DDC."

None of the enumerated defenses under 22 NYCRR 603.3 (c) apply here. Respondent received notice of the charges against him, filed an answer and, represented by counsel, testified at the hearing before the Special Master and appeared before the DRB. In addition, there is no infirmity of proof since the DRB's and New Jersey Supreme Court's misconduct findings are fully supported by the record. Finally, respondent's argument to the contrary notwithstanding, the actions for which respondent was disciplined in New Jersey, namely, inadequate record keeping, constitute misconduct under New York Rules of Professional Conduct rule 1.15 (d) (1). While New Jersey's record-

---

* New Jersey Rules of Court rule 1:21-6 is more extensive than New York Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (d) (1) in that attorneys are required to maintain, among other things, individual client ledgers and monthly account reconciliations.

keeping requirements do require additional records not required in New York (i.e., a monthly reconciliation of, inter alia, cash transactions, checkbook balance and client trust ledger sheets), respondent violated New York's rule 1.15 (d) (1) since his accounting and record keeping was virtually nonexistent, as found by the OAE and the DRB.

Thus, the only issue left for this Court to decide is the appropriate sanction to be imposed. As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Peters*, 127 AD3d 103, 109 [1st Dept 2015]; *Matter of Cardillo*, 123 AD3d 147, 150 [1st Dept 2014]; *Matter of Jaffe*, 78 AD3d 152, 158 [1st Dept 2010]).

Only in rare instances will this Court depart from its general rule (*see Matter of Lowell*, 14 AD3d 41 [1st Dept 2004], *appeal dismissed* 4 NY3d 846 [2005], *lv denied* 5 NY3d 708 [2005]). In our view, this is such an instance because this Court has consistently censured attorneys for inadequate record keeping (*see e.g. Matter of Rokacz*, 121 AD3d 134 [1st Dept 2014] [censure for, inter alia, failing to maintain required escrow account records]; *Matter of Finkelstein*, 118 AD3d 51 [1st Dept 2014] [reciprocal censure based on two New Jersey Supreme Court orders issued in separate proceedings, imposing reprimand and censure, respectively, for misconduct that included failure to keep required account records]; *Matter of Guillorn*, 114 AD3d 134 [1st Dept 2013] [censure for improper record keeping and nonvenal conversion]; *Matter of Rosenberg*, 109 AD3d 225 [1st Dept 2013] [censure for, inter alia, failure to keep required account records and nonvenal misappropriation of trust account funds]; *Matter of Jones*, 60 AD3d 212 [1st Dept 2009] [reciprocal censure based on censure in New Jersey for, inter alia, failure to keep required account records]).

Accordingly, the petition by the Departmental Disciplinary Committee, pursuant to 22 NYCRR 603.3, should be granted and respondent publicly censured.

FRIEDMAN, J.P., SWEENY, RENWICK, ANDRIAS and MOSKOWITZ, JJ., concur.

Respondent publicly censured.