Matter of Villanueva (2016 NY Slip Op 07878)





Matter of Villanueva


2016 NY Slip Op 07878


Decided on November 22, 2016


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 22, 2016
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Peter Tom, Justice Presiding,
John W. Sweeny, Jr.
Richard T. Andrias
Troy K. Webber
Ellen Gesmer, Justices.


M-3961 

[*1]In the Matter of Gary S. Villanueva, an attorney and counselor-at-law: Departmental Disciplinary Committee for the First Judicial Department, Petitioner, Gary S. Villanueva, Respondent.



Disciplinary proceedings instituted by the Departmental Disciplinary Committee for the First Judicial Department. Respondent, Gary S. Villanueva, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 18, 1984.



Jorge Dopico, Chief Counsel, Departmental
Disciplinary Committee, New York
(Remi E. Shea, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Gary S. Villanueva was admitted to the practice of law in the State of New York by the First Judicial Department on June 18, 1984. Respondent maintains an office for the practice of law within the First Department.
By order and opinion of December 1, 2015, the United States Court of Appeals for the Second Circuit publicly reprimanded respondent based on his defaults in four criminal appeals (633 Fed Appx 1 [2d Cir 2015]).
By notice of petition dated August 8, 2016, the Departmental Disciplinary Committee [*2]moves, pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, for an order imposing reciprocal discipline upon respondent in the form of a public censure, the equivalent of a public reprimand in the Second Circuit, or, in the alternative, imposing whatever sanction this Court deems appropriate. Respondent, pro se, consents to the imposition of reciprocal discipline but requests that it be no greater than a public censure.
By order of March 19, 2015, the Second Circuit's Grievance Panel directed respondent to show cause why disciplinary or other corrective measures should not be imposed on him based on his defaults in four criminal appeals. Respondent submitted an untimely response, which the court accepted, in which he asserted that his defaults were attributable to, inter alia, personal and professional tragedies, namely, in 2009, the attorney with whom he shared office space and professional expenses suffered a fatal heart attack which resulted in financial and administrative strain in that he was forced to, among other things, close out his friend's law practice, lay off support staff, and relocate his law office; in 2010, he was preoccupied with his parents' medical care, both of whom were seriously ill and later died in rapid succession, leaving him grief stricken; and in the midst of his grief over his parents' deaths his closest surviving relatives, an aunt and uncle, both died.
Respondent admitted to a lack of "administrative diligence" on his part but averred that his grief has become more manageable with the passage of time; and he has implemented reforms to his law practice which included hiring an assistant experienced in federal appellate procedure. Respondent did not request a hearing pursuant to Second Circuit Local Rule 46.2(b)(3)(D).
In the first case, respondent represented defendant Gomez- Lopez in his appeal from a judgment sentencing him to, inter alia, 120 months' imprisonment [FN1]. After Gomez-Lopez filed a pro se notice of appeal, respondent was contacted four times by the court regarding his failure to file a Form B (a criminal appeal transcript information form), as required by its local rules. After the first call, a default order was entered threatening dismissal unless the Form B was filed by the deadline specified therein. Although respondent did not comply, Gomez-Lopez' appeal was not dismissed. After the fourth call from court personnel, upon respondent's motion, new counsel was appointed to represent Gomez-Lopez.
Respondent explained that he was concerned that Gomez- Lopez' appeal could possibly expose him to a higher sentence; thus, after consideration, he filed a motion to withdraw so that new counsel could fully examine the potential risks of an appeal and the effectiveness of his representation. He admitted that he did not file a Form B, as required, but stated that his delay in moving to withdraw did not prejudice Gomez-Lopez. Ultimately, Gomez-Lopez withdrew his appeal and has not pursued postconviction relief based on respondent's performance.
The court found respondent's response deficient in that he did not explain his failure to respond to three telephone messages from court personnel, nor his failure to request either an extension of time to file a Form B or a stay of Gomez-Lopez' appeal while he examined its potential risks. In addition, respondent did not address the court's default order threatening dismissal of the appeal, nor the fact that he did not move to withdraw until three weeks after the deadline for filing a Form B had passed. The court opined that respondent's defaults and dilatory conduct potentially prejudiced Gomez-Lopez in that his appeal could have been dismissed.
In the second case, respondent represented defendant Guerino in his appeal from a judgment sentencing him to, inter alia, 44 years imprisonment. As in the Gomez-Lopez case, respondent failed to file a Form B; on three occasions he failed to respond to communications from court personnel regarding his failure to file required forms; two default orders were entered threatening dismissal if he did not file the missing forms; and the appeal was dismissed based on his default. The appeal was later reinstated, and new counsel assigned, but only after Guerino [*3]wrote to the court and complained about respondent's representation.
As to defendant Guerino, respondent explained that his decision making was adversely affected by his family issues and the fact that he was overwhelmed by three other criminal trials; and as Guerino's conviction was affirmed he was not prejudiced by the defaults. The court found respondent's response deficient in that he did not specifically address, inter alia, his failure to respond to court personnel; the fact his defaults resulted in dismissal of the appeal; Guerino's complaints as to his representation; or how his other professional commitments prevented communication with the court and compliance with its orders. The court found respondent's assertion that Guerino was not prejudiced by his defaults to be disingenuous, given that it was Guerino, not respondent, who requested reinstatement of the appeal.
In the third case, respondent represented defendant Phillips in his appeal from a judgment sentencing him to, inter alia, 96 months' imprisonment. Phillips filed his own notice of appeal because respondent purportedly failed to do so, despite being so instructed. Thereafter, respondent defaulted several times which resulted in dismissal of Phillips' appeal. Phillips filed a pro se motion requesting that the court recall its dismissal order, but it was not until a year later that respondent filed a motion to reinstate the appeal. Respondent asserted in his motion papers that the dismissal had resulted from his "overwhelming personal and professional obligations." The motion was deemed defective for failure to include a brief and appendix, and the court set a deadline for the defect to be cured. Respondent cured the defect three months after the deadline. Phillips' appeal was reinstated and his conviction was affirmed.
In his response, respondent stated that he had been under the impression that Phillips did not want to pursue a "risky" appeal. He denied that Phillips had instructed him to file a notice of appeal, and he stated that he did not move to withdraw because he would have been forced to reveal Phillips' purported misrepresentations to the court regarding his wish to appeal.
The court found that respondent's response did not address his defaults in Phillips' case and the dismissal resulting therefrom, nor the fact that he only moved to reinstate the appeal after Phillips requested such relief, or the potential prejudice to Phillips.
In the fourth and final case, respondent represented defendant Guzman in his appeal from a judgment sentencing him to, inter alia, life imprisonment. After respondent defaulted by failing to file a Form B, the court issued an order threatening dismissal of the appeal if respondent failed to cure the defect by a specified deadline. Respondent failed to do so. In addition, respondent failed to respond to the court's messages in which it requested that he file a Form B or move to withdraw. Respondent belatedly filed a motion to withdraw and the Form B, both of which were initially found defective. Thereafter, respondent was replaced by new counsel.
Respondent explained that his delay in moving to withdraw resulted from his sense of responsibility for Guzman. He stated that his late filing of a Form B "was inexcusable" but that no one was prejudiced by it, as new counsel proceeded with the appeal. The court found that respondent did not address the default order threatening dismissal, nor his failure to comply with the deadline in that order. Additionally, according to the court, respondent did not explain why multiple communications from the court were required before he belatedly complied with its order.
The court concluded that respondent's repeated defaults and dilatory conduct constituted misconduct. On the issue of sanction, the court found that his misconduct was mitigated by his family issues; but this mitigation did not cover the entire five-year period (2010-2015) over which his misconduct occurred. The court discounted the law office management issues respondent faced in the wake of his office mate's death in late 2009 as mitigation because he should have either reduced his caseload or taken other appropriate steps to prevent prejudice to his clients. The court also found there was aggravation based upon inter alia, respondent's failure to explain or mention much of the questionable conduct stemming from its March 2015 order and the fact that his misconduct occurred in criminal appeals where important liberty interests were at stake.
Respondent does not assert a defense to reciprocal discipline under 22 NYCRR 603.3(c), [*4]and none apply. The only defenses to reciprocal discipline are: a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; or the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (Matter of Hoffman, 34 AD3d 1 [1st Dept 2006]).
Respondent received notice of the misconduct allegations at issue in the Grievance Panel's order to show cause and he submitted a response which the Grievance Panel considered. Further, the Grievance Panel's misconduct findings are sufficiently supported by the record, which includes respondent's admissions. Finally, respondent's misconduct before the Second Circuit also constitutes misconduct under the New York Rules of Professional Conduct (22 NYCRR 1200.0), namely, rule 1.3(a) (failure to act with reasonable diligence and promptness in representing a client); rule 1.3(b) (neglect); rule 8.4(d) (conduct prejudicial to the administration of justice); and rule 8.4(h) (overall conduct which adversely reflects on fitness as a lawyer).
Respondent consents to the imposition of reciprocal discipline, but he requests that it be no greater than a public censure. In reply, the Committee reiterates its position that public censure is appropriate.
As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]). Only in rare instances will this Court depart from its general rule (see Matter of Kim, 138 AD3d 8 [1st Dept 2016]; Matter of Lowell, 14 AD3d 41 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
Here, a public censure, the equivalent of a public reprimand in the Second Circuit, is in accord with this Court's precedent involving similar misconduct (see e.g. Matter of Vialet, 120 AD3d 91 [1st Dept 2014]; Matter of Rudrakumaran, 113 AD3d 107 [1st Dept 2013]; Matter of Liu, 113 AD3d 85 [1st Dept 2013]).
Accordingly, the Departmental Disciplinary Committee's petition for reciprocal discipline should be granted and respondent publicly censured.
All concur.
Order filed.
(November 22, 2016)
Tom, J.P., Sweeny, Andrias, Webber, and Gesmer, JJ.
THE FOLLOWING MOTION ORDERSWERE ENTERED AND FILED ONNOVEMBER 22, 2016
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M-558X In Re Gateway Plaza Residents Litigation
M-5159X Belton v LAL Chicken, Inc.
M-5194X Degar v Barreto - Salerno
M-5003 In the Matter of M., Lydia v U., Octavis
Appeals withdrawn.
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M-5168 Giambrone v 1285 LLC
Appeal, previously perfected, withdrawn.
Tom, J.P., Mazzarelli, Richter, Manzanet-Daniels, Webber, JJ.
M-4492 Mortman v Burbige
Appeal dismissed.
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M-4211 In the Matter of B., Tariq and B., Aisah Nevaeh
Sadie - Administration for Children's Services
Leave to prosecute appeal as a poor person granted,
as indicated.
Tom, J.P., Mazzarelli, Richter, Manzanet-Daniels, Webber, JJ.
M-4617 People v Hernandez, Sean Charles
Notice of appeal deemed timely filed; leave to prosecute appeal as a poor person granted, as indicated.
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M-4705
M-4706 In the Matter of L., Antonio James; L., Romeo Jayce; and L., Zoey Jolie - Edwin Gould Services for Children and Families
Leave to prosecute appeals as poor persons granted,
as indicated.
Tom, J.P., Mazzarelli, Richter, Manzanet-Daniels, Webber, JJ.
M-4861 People v Morales, Erik
Leave to prosecute appeal as a poor person, granted,
as indicated.
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M-4981 People v Rivera, Angel
Leave to prosecute appeal as a poor person granted,
as indicated.
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M—4982 People v Rivera, Lawrence
M-4983 People v Rivera, Rafael
M-4984 People v Robinson, Harvel
M-4985 People v Rodriguez, Jose
M-4986 People v Rodriguez, Robert
M-4987 People v Sadowski, Craig
M-4988 People v Sanchez-Perez, Adan
M-4989 People v Sanchez, Jeremy
M-5002 People v Scott, Randall
M-5005 People v Siddiqi, Shamakh
M-5006 People v Simmons, Duval
M-5008 People v Sargeant, Marquis
M-5010 People v Taveras, Cesar
M-5011 People v Thiam, Amadou
M-5012 People v Thomas, Arthur
M-5014 People v Thomas, Devon
M-5015 People v Tolbert, Shalanda
M-5016 People v Valencia, Carlos
M-5017 People v Vega, Jose
M-5019 People v Walker, David
M-5020 People v Walker, Rayvon
Leave to prosecute appeals as poor persons, granted,
as indicated.
Tom, J.P., Mazzarelli, Richter, Manzanet-Daniels, Webber, JJ.
M-4681 People v Madison, Horace
Notice of appeal deemed timely filed.
Tom, J.P., Mazzarelli, Richter, Manzanet-Daniels, Webber, JJ.
M-3859 Genesis Merchant Partners, LP v Gilbride, Tusa,
Last & Spellman LLC
Dismissal of appeal denied; time to perfect same enlarged to the March 2017 Term, as indicated.
Tom, J.P., Mazzarelli, Richter, Manzanet-Daniels, Webber, JJ.
M-4712 People v King, Marcus
Time to perfect appeal enlarged to the March 2017 Term.
Tom, J.P., Renwick, Manzanet-Daniels, Gische, Webber, JJ.
M-4434 Williams v State of New York Office of Children and Family Services
Time to perfect proceeding enlarged to the April 2017 Term.
Tom, J.P., Renwick, Manzanet-Daniels, Gische, Webber, JJ.
M-4481 Campbell v Figueroa
Time to perfect appeal enlarged to the April 2017
Term, as indicated.
Tom, J.P., Acosta, Andrias, Moskowitz, Kahn, JJ.
M-5462 USA Recycling, Inc. v Baldwin Endico Realty Associates, Inc.
Stay denied.
Mazzarelli, J.P., Moskowitz, Manzanet-Daniels, Gesmer, JJ.
M-3321
M-3754
M-4000
M-4439 In re New York City Asbestos Litigation:
North v Air & Liquid Systems Corporation -
Estate of North - National Grid Generation,
LLC - O'Connor Constructors, Inc.
Leave to appeal to the Court of Appeals denied
(M-4439); reargument or other relief denied (M-4000); motions for leave to appeal to the Court of Appeals (M-3321) and reargument or other relief (M-3754) deemed withdrawn.
Mazzarelli, J.P., Sweeny, Acosta, Moskowitz, Gesmer, JJ.
M-4399 People v S., Kenworth
Assigned counsel relieved; motion otherwise denied; purported appeal dismissed.
Mazzarelli, J.P., Friedman, Acosta, Andrias, Moskowitz, JJ.
M-5520 Board of Directors of Windsor Owners Corp. v Platt
Defendant's reply appendix and reply brief stricken; defendant granted leave to resubmit reply brief under certain conditions set forth by this Court for the March 2017 Term, to which Term appeal adjourned, all as indicated.
Mazzarelli, J.P., Saxe, Moskowitz, Kahn, Gesmer, JJ.
M-4560 Cerio v Carrington
(And another action)
Time to perfect appeal enlarged to the March 2017 Term.
Mazzarelli, J.P., Friedman, Andrias, Webber, Gesmer, JJ.
M-3919
M-4024
M-4191 U.S. Bank National Association v DLJ Mortgage Capital, Inc.
Leave to appeal to the Court of Appeals denied
(M-3919, M-4024 and M-4191).
Friedman, J.P., Richter, Feinman, Kapnick, Kahn, JJ.
M-4322 Pirraglia v Jofsen, Inc.
Appeals consolidated, as indicated; preliminary appellate injunction granted on condition consolidated appeals are perfected for the March 2017 Term, and on further condition that parties satisfy terms and conditions to the 2003 Lease pending determination of the appeals; stay denied.
Friedman, J.P., Andrias, Moskowitz, Gische, Gesmer, JJ.
M-4827 People v Smalls, Anthony
Leave to prosecute appeal as a poor person denied,
with leave to renew, as indicated.
Friedman, J.P., Andrias, Moskowitz, Gische, Gesmer, JJ.
M-3782
M-4453 In the Matter of the Application of The State of
New York v Abreu
Appeal dismissed (M-3782); assigned counsel relieved
(M-4453).
Friedman, J.P., Andrias, Saxe, Feinman, Kahn, JJ.
M-4556 In the Matter of C., Lisa, now known as B., Lisa v
C., Bruce
Leave to prosecute appeal as a poor person granted to the extent indicated; assignment of counsel denied.
Friedman, J.P., Andrias, Moskowitz, Gische, Gesmer, JJ.
M-4613 In the Matter of Tri-State Consumer Insurance Company
v Hereford Insurance Company
Time to perfect appeal enlarged to the March 2017 Term, as indicated.
Friedman, J.P., Andrias, Moskowitz, Gische, Gesmer, JJ.
M-4941 In the Matter of Kovnor Associates v The Commissioner of Finance of the City of New York
Time to perfect appeal enlarged to the May 2017 Term.
Friedman, J.P., Sweeny, Saxe, Kapnick, Gesmer, JJ.
M-5278 Z.D. v MP Management, LLC - Abdul-Majeed
Parkash defendants permitted to file a supplemental appendix including Exhibit A to the Nicolaou Affirmation, as indicated; motion otherwise denied.
Friedman, J.P., Renwick, Feinman, Gische, Kapnick, JJ.
M-4670 Steven Madden Retail, Inc. v 720 Lex Acquisitions, LLC
Interim relief granted by order of a Justice of this Court, dated September 14, 2016, continued; motion otherwise denied.
Friedman, J.P., Andrias, Saxe, Feinman, Kahn, JJ.
M-4395 Fragin v First Funds Holdings, LLC - First Funds LLC
Stay granted on condition appeal perfected for the April 2017 Term.
Friedman, J.P., Andrias, Saxe, Feinman, Kahn, JJ.
M-3434
M-4680 Pomerance v McGrath
Temporary restraining order and other relief denied
(M-3434); document inspection procedure and other relief denied (M-4680).
Friedman, J.P., Renwick, Andrias, Gische, Webber, JJ.
M-4647 Dabo v Sibblies
Reargument or other relief denied.
Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels, Webber, JJ.
M-4304 Oorah, Inc. v Covista Communications, Inc. - Cucumber Communications
(And another action)
Motion deemed withdrawn.
Sweeny, J.P., Renwick, Manzanet-Daniels, Gische, Webber, JJ.
M-4729 Swiss Re Financial Services, Corp. v McGuirk
Appeals dismissed; sanctions denied, as indicated.
Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels, Webber, JJ.
M-4877 In the Matter of Dorcinvil v New York Police Department
Leave to prosecute appeal as a poor person and other relief denied.
Sweeny, J.P., Renwick, Manzanet-Daniels, Gische, Webber, JJ.
M-5133 Board of Managers of 141 Fifth Avenue Condominium
v J. Construction Company, LLC
Time to perfect appeals and cross appeal enlarged to the May 2017 Term; Clerk directed to calendar said appeals and cross appeal on same day of said May 2017 Term. (See M-4728, decided simultaneously herewith.)
Sweeny, J.P., Renwick, Manzanet-Daniels, Gische, Webber, JJ.
M-4728 Board of Managers of 141 Fifth Avenue Condominium
v J. Construction Company, LLC
Time to perfect appeal enlarged to the May 2017 Term. (See M-5133, decided simultaneously herewith.)
Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels, Webber, JJ.
M-4509 Brown v The City of New York
Time to perfect appeal enlarged to the March 2017 Term.
Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels, Webber, JJ.
M-5113 In the Matter of Downtown Auto Center, Inc. v The State of New York, Department of Motor Vehicles
Time to perfect appeal enlarged to the March 2017 Term.
Sweeny, J.P., Renwick, Manzanet-Daniels, Gische, Webber, JJ.
M-4554
M-4593 Legacy Builders/Developers Corp. v Sentinel Insurance Company, Ltd. - June Electric Corp.
Time to perfect appeal and cross appeals enlarged to the March 2017 Term.
Sweeny, J.P., Renwick, Manzanet-Daniels, Gische, Webber, JJ.
M-4401 Paul Gottbetter & Gottbetter & Partners, LLP v Crone Kline Rinde, LLP - CKR Law LLP
(And another action)
Enlargement of time to perfect appeal denied.
Acosta, J.P., Renwick, Andrias, Moskowitz, JJ.
M-4071 In re Castro v Schriro
Leave to appeal to the Court of Appeals granted, as indicated.
Renwick, J.P., Moskowitz, Kapnick, Kahn, Gesmer, JJ.
M-5165 Couri v Siebert
Enlargement of time to perfect appeal denied.
Moskowitz, J.P., Gische, Kapnick, Gesmer, JJ.
M-5045
M-5167 The People of the State of New York v Richards,
Ryoneal
Appeal deemed withdrawn (M-5045); vacatur of stay granted, as indicated (M-5167).
Renwick, J.
M-5519 People v Talango, Javier
Leave to appeal to this Court denied.
Manzanet-Daniels, J.
M-4732 People v Hanzlik, Kimberly
Leave to appeal to this Court denied.
Feinman, J.
M-4134 People v Walker, Fredrick
Leave to appeal to this Court denied.
Gische, J.
M-4521 People v Diaz, Daniel
Leave to appeal to this Court denied.
Webber, J.
M-4668 People v Felder, Bobby, also known as Hart, Zebadiah
Leave to appeal to this Court and other relief denied.
Mazzarelli, J.P., Friedman, Sweeny, Saxe, Kapnick, JJ.
In the Matter of Attorneys Who Are in Violation
of Judiciary Law Section 468-a:
M-5404 Barbara Etta Bolton, admitted on 11-13-2000,
at a Term of the Appellate Division,
First Department
Petitioner reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. All concur.
Mazzarelli, J.P., Friedman, Sweeny, Saxe, Kapnick, JJ.
In the Matter of Attorneys Who Are in Violation
of Judiciary Law Section 468-a:
M-5440 Vivien Maxine Labaton, admitted on 6-15-2005,
at a Term of the Appellate Division,
Second Department
Petitioner reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. All concur.
Mazzarelli, J.P., Friedman, Sweeny, Saxe, Kapnick, JJ.
In the Matter of Attorneys Who Are in Violation
of Judiciary Law Section 468-a:
M-5456 George Lander, admitted on 5-5-1976,
at a Term of the Appellate Division,
Second Department
Petitioner reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. All concur.
Tom, J.P., Sweeny, Andrias, Webber, Gesmer, JJ.
M-4961 In the Matter of Gary S. Villanueva,
an attorney and counselor-at-law:
Respondent publicly censured. Opinion Per Curiam.
All concur.
The following orders were entered and filed on November 17, 2016:
Tom, J.P., Friedman, Saxe, Feinman, Kahn, JJ.
M-5535 Wimbledon Financing Master Fund, LTD. v Bergstein - Graybox, LLC - Iskra Enterprises, LLC - Asia Capital Markets Limited LLC - Gerova Management, Inc. - K Jam Media, Inc. - Jannol - Spillane Weingarten LLP - Venable, LLP
Stay withdrawn; preference granted to extent of directing the Clerk to calendar appeal for first week of the February 2017 Term, and to maintain appeal on that calendar.
Mazzarelli, J.P., Andrias, Saxe, Feinman, Gische, JJ.
M-5212 Fishoff Family Foundation v Appel - Frydman - Prime United Holdings, LLC
Appeal dismissed, as indicated.
Moskowitz, J., Feinman, Gische, Kapnick, Gesmer, JJ.
M-3489A In the Matter of Kramer Levin Naftalis & Frankel LLP
v Cornell
Stay denied; interim order issued by a Justice of this Court, dated July 18, 2016, vacated.


 
 
 Footnotes
 
 Footnote 1:Respondent served as court appointed defense counsel in all four appeals.