Matter of Frants (2018 NY Slip Op 02281)





Matter of Frants


2018 NY Slip Op 02281


Decided on March 29, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
Troy K. Webber
Marcy L. Kahn
Anil C. Singh
Peter H. Moulton,Justices.


M-5141

[*1]In the Matter of Michael Frants, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael Frants, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael Frants, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on September 18, 2002.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Lance E. Philadelphia, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Michael Frants was admitted to the practice of law in the State of New York by the Second Judicial Department on September 18, 2002. Respondent's last registered address listed with the Office of Court Administration (OCA) was within the First Judicial Department. [*2]Respondent currently lives in Minnesota.
By order of April 2, 2009, respondent was suspended from the practice of law, as part of a mass suspension proceeding, for failure to file attorney registration statements and pay biennial registration fees (Matter of Attorneys in Violation of Judiciary Law § 468-a, 64 AD3d 187 [1st Dept 2009]). To date, respondent has not registered nor has he been reinstated in New York.
The Minnesota Supreme Court, on or about September 17, 2009, disbarred respondent for, inter alia, intentional misappropriation of client funds in excess of $10,000.
Now, the Attorney Grievance Committee (Committee) seeks an order, pursuant to Judiciary Law § 90(2) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and the doctrine of reciprocal discipline, disciplining respondent predicated upon the discipline imposed by the Minnesota Supreme Court and directing him to demonstrate why discipline should not
be imposed for the underlying misconduct and granting such other and further relief as is just and proper. Respondent was served with the Committee's motion, but he has not submitted a response.
In December 2008 and March 2009, respectively, the Minnesota Office of Lawyers Professional Responsibility (OLPR) filed a Petition for Disciplinary Action and Supplemental Petition for Disciplinary Action charging respondent with misappropriation of funds from multiple clients in an amount exceeding $10,000, failure to maintain required attorney trust account records, and failure to produce requested documentation to the OLPR, which included various trust account books and records, in violation of Minnesota Rules of Professional Conduct 1.15(a) (requirement that client funds be maintained in a special attorney trust account separate from the lawyer's personal funds), 1.15(h) (failure to maintain required bookkeeping records), 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority); and 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation).
In September 2009, respondent, represented by counsel, entered into a stipulation with the OLPR in which he withdrew his answers to the complaints and admitted the allegations of the Petition and Supplementary Petition for Disciplinary Action, waived his right to a hearing, and agreed that disbarment was the appropriate sanction for his misconduct.
As noted above, on or about September 17, 2009, the Minnesota Supreme Court, based on an independent review of the record, approved the parties' stipulation and disbarred respondent.
The Committee asserts that respondent failed to promptly notify the Committee of his discipline in Minnesota as he was obligated to do under both former Rule 603.3(d) and its successor 22 NYCRR 1240.13(d). The Committee was first informed of respondent's 2009 Minnesota disbarment in 2016 by an OCA employee.
As noted, the Committee seeks an order finding that respondent has been disciplined by a foreign jurisdiction and directing him to demonstrate to this Court why discipline should not be imposed in New York for the underlying conduct (22 NYCRR 1240.13[a]) because respondent's misconduct in Minnesota would constitute misconduct in New York in violation of former Code of Professional Responsibility 1-102(a)(4) (22 NYCRR 1200.3 [a][4]) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(a)(5) (22 NYCRR 1200.3 [a][5])(conduct that is prejudicial to the administration of justice), 9-102(a) (22 NYCRR 1200.46 [a]) (prohibition against misappropriation of client funds and commingling), 9-102(b) (22 NYCRR 1200.46 [b]) (obligation to maintain client and/or third-party funds in an attorney special account), 9-102(c)(3) (22 NYCRR 1200.46 [c][3]) (obligation to maintain complete records of client and/or third-party funds and to render appropriate accounts concerning such), 9-102(c)(4) (22 NYCRR 1200.46 [c][4])(failure to promptly pay or deliver to client or third person as requested funds or property which they are entitled to receive), and 9-102(d) (22 NYCRR 1200.46 [d]) (failure to maintain required bookkeeping records), which were in effect at the time of his misconduct.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent [*3]may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; or (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.
As respondent has defaulted, he has not raised any of the aforementioned defenses, nor could he where he was provided with sufficient notice and an opportunity to be heard in the Minnesota proceeding, he was represented by counsel, he freely chose to enter into a stipulation admitting the charges against him, he waived his right to a hearing, and he consented to disbarment. In addition, the findings of misconduct made by the Minnesota Supreme Court were sufficiently supported by the record, which includes respondent's admissions. Further, the misconduct for which respondent was disciplined in Minnesota, constitutes misconduct in this state.
As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]). Only in rare instances will this Court depart from its general rule (see Matter of Kim, 138 AD3d 8, 11 [1st Dept 2016]; Matter of Lowell, 14 AD3d 41, 48 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]). 
Disbarment is in accord with this Court's precedent involving similar misconduct. Respondent was found guilty of, inter alia, intentional conversion of client funds for which this Court has consistently imposed the sanction of disbarment absent "extremely unusual mitigating circumstances," which there is no evidence of in the case at bar (see Matter of Ballner, 140 AD3d 115, 119-120 [1st Dept 2016] [internal quotation marks omitted]). Accordingly, the Committee's motion should be granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, and disbarring respondent from the practice of law, and striking his name from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
All concur.
Order filed. [March 29, 2018]
Petition is granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent is disbarred from the practice of law, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof, and until further order of this Court.