Matter of McNeely (2018 NY Slip Op 05628)





Matter of McNeely


2018 NY Slip Op 05628


Decided on August 2, 2018


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 2, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman Justice Presiding,
John W. Sweeny, Jr.
Troy K. Webber
Marcy L. Kahn
Jeffrey K. Oing, Justices.


M-2009

[*1]In the Matter of Kevin J. McNeely (admitted as Kevin James McNeely), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Kevin J. McNeely, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Kevin J. McNeely, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 15, 1997.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Yvette A. Rosario, of counsel), for petitioner.
Respondent, pro se.



Per Curiam.


Respondent Kevin J. McNeely was admitted to the practice of law in the State of New York by the First Judicial Department on September 15, 1997, under the name Kevin James McNeely. At all times relevant to this proceeding, respondent's registered business address has been in Washington, D.C. At all times relevant, he has also been a member of the bar of the District of Columbia. This Court retains jurisdiction over respondent as the Judicial Department in which he was admitted to practice (Rules for Attorney Discipline Matters [22 NYCRR] § [*2]1240.7[a][2]).
The Attorney Grievance Committee (the Committee) seeks an order, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, imposing reciprocal discipline on respondent in light of a sanction imposed on him by the District of Columbia.
On June 16, 2017, the District of Columbia Disciplinary Counsel (DC Disciplinary Counsel) filed a petition for negotiated discipline with the District of Columbia Court of Appeals Board of Professional Responsibility. The petition was based on respondent's representation of two joint clients who retained him in May 2015 to file patent applications. After he filed the patent applications, and the clients paid the associated fees and costs, respondent deposited the funds in an account that held other funds, and did not pay the filing fee for either patent. When the clients could no longer contact respondent, they retained new counsel. Eventually, when the clients located respondent, he admitted his omissions and worked with their new counsel to restore the patent applications.
The DC Disciplinary Counsel's petition stated that, at the time of his misconduct, respondent was suffering from severe depression, alcohol abuse and insomnia. However, the DC Disciplinary Counsel averred that respondent, after he received treatment in 2016, was "significantly rehabilitated" and unlikely to engage in future misconduct. The petition proposed a 30-day suspension, stayed, and three years of probation on the condition that respondent comply with certain requirements. By affidavit, respondent acknowledged the truth of the material facts in the petition and stated that he could not successfully defend against the disciplinary proceedings. The District of Columbia Court of Appeals accepted the DC Disciplinary Counsel's recommendation and imposed the negotiated discipline by order dated December 14, 2017 (In re McNeely, 174 A3d 865 [DC Ct App 2017]).
As noted, the Committee now seeks an order, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, finding that respondent has been disciplined by a foreign jurisdiction, and imposing a public censure on respondent as reciprocal discipline. Respondent has submitted an affidavit consenting to the relief sought by the Committee's motion and waiving any defenses to the imposition of reciprocal discipline under 22 NYCRR 1240.13.
While New York has no sanction equivalent to that imposed by the District of Columbia Court of Appeals, the misconduct for which respondent was disciplined constitutes misconduct in New York [FN1]. As a general rule in matters of reciprocal discipline, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Cardillo, 123 AD3d 147 [1st Dept 2014]). Thus, based on respondent's consent to the relief sought by the Committee, and the findings of the District of Columbia Court of Appeals, the imposition of the reciprocal discipline sought by the Committee is warranted (see Matter of Bogard, 149 AD3d 224 [1st Dept 2017]).
Accordingly, the Committee's motion should be granted, and respondent publicly censured.
All Concur.
Order Filed. [August 2, 2018]
Committee's motion is granted, and respondent is censured pursuant to 22 NYCRR 1240.13.



Footnotes

Footnote 1:Respondent acknowledged violations of: District of Columbia Rules of Professional Conduct (DC Rule) 1.1(a) and (b), which are analogous to rule 1.1(a) of the New York Rules of Professional Conduct (RPC)(22 NYCRR 1200.00); DC Rule 1.3(a), which is analogous to RPC 1.3(a); DC Rule 1.4(a), which is analogous to RPC 1.4(a)(3); and DC Rule 1.15(a), which is analogous to RPC 1.15(b)(1) and (d)(1).