Matter of Faillace (2022 NY Slip Op 04223)

Matter of Faillace

2022 NY Slip Op 04223

Decided on June 30, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 30, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,J.P.,
Troy K. Webber
Angela M. Mazzarelli
Ellen Gesmer
Manuel J. Mendez, JJ.

Motion No. 2022-01537 Case No. 2022-01469 

[*1]In the Matter of Michael Faillace, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael Faillace, (OCA Atty. Reg. No. 1922624.), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 7, 1984.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Naomi F. Goldstein, of counsel), for petitioner.
Michael S. Ross, for respondent.

Per Curiam 

Respondent Michael Faillace was admitted to the practice of law in the State of New York by the First Judicial Department on May 7, 1984. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Department.
The Attorney Grievance Committee seeks an order pursuant to Judiciary Law §90(2) and Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.13, imposing reciprocal discipline on respondent in the form of a two-year suspension, or, in the alternative, sanctioning respondent as this Court deems just and proper under the circumstances, based upon the discipline imposed by the United States District Court for the Southern District of New York.
On December 30, 2020, the Committee on Grievances for the United States District Court for the Southern District of New York (Committee on Grievances) issued a statement of charges alleging that respondent underpaid clients' monies to which they were entitled in violation of court orders, made misrepresentations in connection with the investigation into those allegations, and refused to honor clients' decisions to settle claims. Respondent was directed to show cause why he should not be disciplined for
having violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.2(a)(failure to abide by a client's decision whether to settle a matter), 1.5(a) (charging or collecting an excessive or illegal fee), 1.5(d)(2) (charging or collecting a legal fee prohibited by law or rule of court), 1.15(a) (misappropriating funds or property that belong to another), 1.15(c) (failure to promptly notify and pay or deliver to a client or third person any funds which they are entitled to receive), 1.15(j) (failure to maintain proper accounts and records), 3.3(a)(knowingly making false statement of fact or law to a tribunal or failure to correct a false statement), 8.4(a)(knowingly violate or attempt to violate a disciplinary rule, or assist another to do so), 8.4(b) (illegal conduct adversely reflecting on a lawyer's honesty, trustworthiness or fitness as a lawyer), 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation), 8.4(d)(conduct prejudicial to the administration of justice) and 8.4(h) (other conduct adversely reflecting on overall fitness).
Specifically, the statement of charges alleged that from 2007 to 2019, respondent, as principal of Michael Faillace & Associates, P.C., represented plaintiffs in wage and hour cases arising under the Fair Labor Standards Act (often workers claiming they were denied overtime or proper wages), and regularly used a client retainer agreement that provided, in sum and substance, that if a recovery was made, the client would pay legal services "the greater of a sum equal [to] 40% of any and all sums recovered either as a result of trial or by way of settlement (including attorneys fee awards) or the amount [*2]of 'reasonable attorneys fees' determined by the Court or agreed upon [by] the defendants." It was alleged that in 13 specific cases, respondent underpaid clients by disregarding court orders which awarded attorney fees below 40% of the settlement amounts, and instead took funds to which clients were entitled as attorneys' fees in excess of the court mandated amount.
For example, in one case in which respondent's firm represented 13 plaintiffs, the court approved a settlement and approved a total of $205,024.46 in costs and attorneys' fees to be paid to the firm. The court specifically rejected the firm's request for attorneys' fees in the amount of 40% of the settlement amount, finding that one-third of the settlement was consistent with the norms of similar litigation in the Second Circuit and that respondent's firm had not identified circumstances justifying departure from the norms. Respondent disregarded the court order and transferred $280,259.58 into the firm's business account, thereby depriving his clients of more than $75,000 to which they were entitled.
Respondent was also charged with making misrepresentations to the Committee on Grievances. In February 2019, counsel to the Committee on Grievances advised respondent that he was being investigated for alleged professional misconduct. In two letters in response, respondent admitted that in four actions his firm had disbursed lesser amounts of the settlements but claimed that his firm had instituted a number of remedial measures to preclude future disbursement mistakes; in fact, respondent misrepresented the steps taken by the firm. It was also alleged that during a mediation, when two of respondent's clients informed him that they wished to settle their claims, he told them that he would decide the amount of the settlement and would not allow them to settle. As a result, the case did not settle at the mediation.
On October 8, 2021, respondent, represented by counsel, submitted a declaration in which he admitted to all of the charges in the statement of charges and the corresponding rule violations, expressed shame and embarrassment for his misconduct, and consented to a two-year suspension. He further stated that, "There was, and is, no excuse. I can say from the bottom of my heart that I have spent the last approximately two decades of my life fighting for my clients in a world that seeks to deprive all too many employees of their rights. This misconduct was an aberration in my practice."
The Committee on Grievances concluded that no issues were raised by respondent in his submissions requiring a hearing (SDNY Local Rule 1.5[d][4]). Accordingly, on the basis of the record and his own admissions, by order of November 8, 2021, respondent was suspended for two years, effective immediately. In sustaining all of the charges, the Committee on Grievances noted that respondent had also agreed to take certain remedial steps once he resumes his practice, including creating a Managing Attorney [*3]position to, inter alia, supervise lawyers and paralegals, review and monitor his firm's calendar, assign cases to staff, and review all funds received to ensure the proper disbursement of funds; and hiring an outside CPA accountant to independently reconcile the firm's operating and IOLA accounts.[FN1] In addressing the issue of sanction, the Committee on Grievances considered that respondent had never before been disciplined in his 35 years of practice.
The Committee argues that none of the defenses to reciprocal discipline enumerated at 22 NYCRR 1240.13(b) are available to respondent since he had notice of the charges and an opportunity to be heard in the Southern District, there was no infirmity of proof establishing the misconduct, and the misconduct at issue constitutes misconduct in New York. Indeed, respondent, represented by counsel, filed a declaration admitting engaging in the misconduct as charged, in violation of the aforementioned Rules of Professional Conduct. Thus, based upon the findings of the Southern District of New York, the imposition of reciprocal discipline is warranted.
On the issue of sanctions, as a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Milara, 194 AD3d 108 [1st Dept 2021]; Matter of Peters, 127 AD3d 103 [1st Dept 2015]). Only in rare instances will this Court depart from its general rule (Matter of Kim, 138 AD3d 8 [1st Dept 2016]; Matter of Lowell, 14 AD3d 41 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]). Respondent's counsel has submitted an affidavit on behalf of his client consenting to the imposition of reciprocal discipline stating that "Respondent has authorized me to advise the Court that he does not oppose the relief sought by the Committee's April 13, 2022 Motion to suspend Respondent for a period of two years."
In any event, a two-year suspension is the appropriate sanction since it falls within the ambit of sanctions imposed by this Court in matters involving similar misconduct (see Matter of Joffe, 158 AD3d 11 [1st Dept 2018] ; Matter of Larsen, 50 AD3d 41 [1st Dept 2008]).
Accordingly, the Committee's motion for reciprocal discipline should be granted and respondent is suspended from the practice of law in the State of New York for a period of two years and until further order of the Court.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion for reciprocal discipline, based upon similar discipline imposed by the United States District Court for the Southern District of New York, is granted, and respondent Michael Faillace is suspended from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.13, for a period of two years, effective August 1, 2022, and until further order of this Court, and
IT IS FURTHER ORDERED that during the period of suspension and until further order of this Court[*4], respondent Michael Faillace is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
IT IS FURTHER ORDERED that the respondent Michael Faillace shall comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made a part hereof, and
IT IS FURTHER ORDERED that if respondent Michael Faillace has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: June 30, 2022

Footnotes

Footnote 1: Respondent is blind but uses a computer program that provides text to speech capabilities.