Matter of Walters (2018 NY Slip Op 00536)





Matter of Walters


2018 NY Slip Op 00536


Decided on January 30, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rosalyn H. Richter,Justice Presiding,
Judith J. Gische
Barbara R. Kapnick
Marcy L. Kahn
Cynthia S. Kern,Justices.


M-2589

[*1]In the Matter of Gary Michael Walters, (admitted as Gary Walters), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Gray Michael Walters, (OCA Atty. Reg. No. 2085793) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Gary Michael Walters, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 29, 1986.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Denice M. Szekely, of counsel), for petitioner.
Sarah Diane McShea, Esq. for respondent.



PER CURIAM


Respondent Gary Michael Walters was admitted to the practice of law in the State of New York by the First Judicial Department on September 29, 1986, under the name Gary Walters. Respondent's registered address is in California where he resides and is admitted to practice.
By order of May 6, 1999, effective June 7, 1999, this Court suspended respondent from the practice of law as part of a mass suspension proceeding, for failure to file attorney registration statements and pay biennial registration fees. Respondent has now brought his registration current but has not applied for reinstatement and remains suspended in New York.
The Attorney Grievance Committee (AGC) now moves, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, for an order disciplining respondent predicated upon discipline imposed by a foreign jurisdiction and directing him to demonstrate why discipline should not be imposed in New York for the underlying professional misconduct.
Respondent was admitted to practice in California on June 14, 1988 but on September 16, 2003 he was placed on administrative suspension for failure to pay bar membership dues. He was reinstated to active status on December 31, 2003.
In July 2004, respondent, pro se, entered into a stipulation with the State Bar of California in which he admitted to professional misconduct and consented to discipline. Specifically, respondent admitted that between September 29 and November 3, 2003, while under administrative suspension, he deposited three $1,000 checks received as attorneys' fees from a client into his client trust account and provided legal services in violation of California Business and Professions Code (CBPC) §§ 6068(a), 6125, and 6126(b). In addition, respondent admittedly maintained earned legal fees and personal funds in his client trust account out of which he paid business and personal expenses and, in so doing, he improperly deposited or commingled personal funds in his trust account in violation of California Rule of Professional Conduct (RPC) 4-100(A).
The parties stipulated that respondent's misconduct was aggravated by the fact that it involved multiple acts of wrongdoing but "no client monies were involved in the commingling cases." As to sanction, the parties agreed that respondent should be suspended for one year, which suspension was to be stayed, and respondent was to be placed on probation for two years with conditions. On August 12, 2004, the California State Bar Court approved the stipulation and by order filed December 3, 2004, effective January 2, 2005, the California Supreme Court suspended respondent from the practice of law for one year, stayed the execution of that suspension, and placed him on probation for two years subject to specified conditions recommended by the State Bar Court (2004 Cal LEXIS 11797 [Cal 2004]).
By order dated April 11, 2006, the State Bar Court recommended respondent be placed on inactive status, his probation be revoked, the stay of his suspension lifted, and that he be suspended for one year based on his failure to comply with the terms of his probation. Respondent failed to comply with the quarterly reporting conditions and failed to take the California State Bar's Ethics and Client Trust Account courses.
On June 19, 2006, the California Supreme Court revoked respondent's probation, lifted the stay of his suspension, and suspended him from the practice of law for one year retroactive to April 16, 2006 (the date on which he was involuntarily placed on inactive status) (2006 Cal LEXIS 9975 [Cal 2006]). Respondent was automatically reinstated on April 16, 2007.
In April 2011, respondent, now represented by counsel, again entered into a stipulation with the California State Bar in which he admitted to professional misconduct and consented to discipline. Specifically, respondent admitted, inter alia, that between July and October 2009 he issued four checks drawn against personal funds he improperly maintained in his client trust account to pay for business and personal expenses. In June 2010, the State Bar opened an investigation into the matter, and respondent failed to submit a written response to the allegations at issue. Respondent admitted that this conduct violated California RPC 4-100(A) and CBPC 6068(i)(failure to cooperate with a disciplinary investigation).
The parties stipulated that respondent's prior discipline constituted significant aggravation but, nonetheless, his misconduct was mitigated by the fact that no client funds were involved nor was any client or other person harmed. The parties agreed that the appropriate sanction was a two-year stayed suspension, with 18 months of actual suspension, and three years of probation with conditions.
On May 9, 2011, the State Bar Court approved the stipulation and recommended respondent be disciplined in accordance therewith.
By order dated August 31, 2011, the California Supreme Court imposed a two-year stayed suspension, placed respondent on probation for three years subject to certain conditions, and suspended him from the practice of law for the first 18 months of his probation (2011 Cal LEXIS 9391 [Cal 2011]). Respondent was automatically reinstated on July 29, 2014.
By letter of January 18, 2017, respondent, through counsel, finally informed the AGC of his discipline in California. The Committee's motion to impose reciprocal discipline followed.
Respondent does not contest the imposition of reciprocal discipline but requests either a lesser sanction than that imposed in California or that the sanction be made retroactive and he be permitted to seek reinstatement six months before the expiration of any period of further suspension.
Respondent is 57-years-old and was a sole practitioner in California from 1991 to 2003, during which time he handled corporate and entertainment matters. While he claims he provided competent representation to his clients, he failed to attend to the administrative aspects of his law practice which included his registration status in California and New York, and his obligations pertaining to his client trust account which ultimately led to his discipline. In addition, during his years as a sole practitioner respondent used marijuana on a daily basis which interfered with his ability to function and meet his responsibilities.
In 2003, respondent ceased practicing law on a full-time basis to focus on movie production and financing. In 2004, he helped found Bold Films, Inc. for which he is now Chief Executive Officer. The company is advised by outside attorneys on all legal matters. Respondent avers that he has complied with this Court's May 6, 1999 suspension order and has not practiced law in New York since 1988.
Respondent acknowledges his misconduct in California and apologizes for it. He also apologizes for his failure to promptly notify the Committee of his discipline in California as required by former rule (22 NYCRR) 603.3(d), explaining that he did not think about such obligation because he was not engaged in the practice of law in any jurisdiction. Over the last decade, respondent claims he has slowly been trying to get his life in order to which end he ceased using marijuana in 2004; he has closed his client trust account and hired an administrative assistant to make sure his bills are timely paid and his financial obligations met; and he is attempting to make amends for his prior failings which includes resolving his administrative suspension in New York and the matter of reciprocal discipline so that he can seek reinstatement. Respondent avers that going forward he intends to "be a fully compliant, trustworthy, responsible and dependable member of the New York Bar."
Respondent's counsel argues that there is "substantial mitigation" in that: respondent has been suspended in New York since 1999 and fully complied with this Court's suspension order; he was reinstated in California in June 2014, and although no longer practicing law, he has been in good standing for the past three years; his misconduct did not involve dishonesty or the mishandling of client funds, nor were any clients harmed; he has ceased using marijuana and has maintained his sobriety; he has rectified the sloppy habits which contributed to his misconduct; and he has expressed remorse for his misconduct which is not likely to recur.
In addition, counsel argues that departure from the discipline imposed in California is warranted here because a censure would be in accordance with this Court's precedent involving similar misconduct (see e.g. Matter of Kim, 138 AD3d 8 [1st Dept 2016]; Matter of Finkelstein, 118 AD3d 51 [1st Dept 2014]]. Counsel contends that suspensions of six months or longer are imposed for more serious escrow related misconduct, as support for which she cites to, inter alia, Matter of Nicosia (152 AD3d 46 [2nd Dept 2017]) and Matter of Pritikin (105 AD3d 8 [1st Dept 2013]).
Counsel acknowledges that respondent's misconduct is aggravated by his failure to cooperate with the California disciplinary authorities; however, she argues that it is counter balanced by the mitigation discussed above and requests, if a suspension is imposed, that it be no more than an additional six months. Counsel also argues that respondent's failure to promptly report his discipline in California to the AGC should not result in increased discipline because such failure was not willful but the result of the sloppy habits which respondent has now [*2]corrected. Counsel requests that, should this Court impose an extended or prospective suspension, respondent be permitted to file a motion for reinstatement six months prior to the expiration of such suspension.
In reply, the AGC takes issue with respondent's argument that there are mitigating circumstances which warrant lesser discipline than that imposed by California. In addition, the AGC opposes respondent's requests that this Court refrain from imposing an additional period of suspension beyond that imposed by California, and that any reciprocal suspension be made retroactive. The AGC also opposes respondent's request that he be permitted to file a reinstatement application six-months prior to the expiration of any reciprocal suspension.
The only defenses to reciprocal discipline are enumerated at 22 NYCRR 1240.13(b), i.e., a lack of notice and opportunity to be heard in the foreign jurisdiction, an infirmity of proof establishing the misconduct, or the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (Matter of Hoffman, 34 AD3d 1 [1st Dept 2006]). Respondent has not raised any of the defenses to reciprocal discipline and none of them apply. Respondent received notice of the charges against him in California and chose to enter into stipulations admitting the charges and consenting to discipline. Further, the record, which includes respondent's admissions, amply support the State Bar Court's and California Supreme Court's misconduct findings. Lastly, respondent's misconduct in California would violate both former Disciplinary Rules of the New York Code of Professional Responsibility and current New York Rules of Professional Conduct (22 NYCRR 1200.0). Specifically, respondent's practicing law while administratively suspended, maintaining personal funds in his trust account and paying business and personal expenses from that account, and failing to cooperate with disciplinary authorities would violate former DR 1-102(a)(5)(22 NYCRR 1200.3[a][5])/rule 8.4(d), former DR 3-101(b)(22 NYCRR 1200.16 [b])/rule 5.5(a), former DR 9-102(b)(1)(22 NYCRR 1200.46[b][1])/rule 1.15(b), and former DR 1-102(a)(7)(22 NYCRR 1200.3[a][7]/rule 8.4(h).
Thus, the only issue left to decide is the appropriate sanction to impose. As a general rule, in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]).
Here, the AGC is seeking reciprocal discipline based on all three California orders which resulted in a total suspension of 2½ years. We find that based on respondent's misconduct taken as a whole, a 2½-year suspension is in general accord with our precedent involving similar misconduct (see e.g. Matter of Kulcsar, 98 AD3d 161 [1st Dept 2012]; Matter of Semple, 225 AD2d 238 [1st Dept 1996]; Matter of Weidlich, 200 AD2d 123 [1st Dept 1994].
Based on the facts in this case, the Committee's motion is granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13 and suspending respondent from the practice of law in the State of New York for a period of 2½ years, effective nunc pro tunc to January 18, 2017, the date on which respondent notified the AGC of his discipline in California, and until further order of this Court. Respondent's request for permission to file an application for reinstatement six months before the expiration of his period of suspension is denied.
All concur.
Order filed. [January 30, 2018]
Richter, J.P., Gische, Kapnick, Kahn, Kern, JJ.
Motion is granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13 and respondent is suspended from the practice of law in the State of New York for a period of 2-1/2 years, effective nunc pro tunc to January 18, 2017.