Matter of Papazian (2019 NY Slip Op 01546)





Matter of Papazian


2019 NY Slip Op 01546


Decided on March 5, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. John W. Sweeny, Jr., Justice Presiding,
Peter Tom
Troy K. Webber
Marcy L. Kahn
Cynthia S. Kern,Justices.


M-5783

[*1]In the Matter of William S. Papazian, (admitted as William Saro Papazian), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, William S. Papazian, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, William S. Papazian, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 6, 1987.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Lance Philadelphia, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent William S. Papazian was admitted to the practice of law in the State of New York by the First Judicial Department on July 6, 1987, under the name William Saro Papazian. At all times relevant to this proceeding, respondent maintained a registered address in Arizona, where he is admitted to practice and resides.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, for this Court to impose reciprocal discipline on respondent, predicated upon the discipline of reprimand imposed by the Supreme Court of Arizona.
In November 2016, the State Bar of Arizona filed a formal complaint against respondent. In March 2017, respondent entered into an Agreement for Discipline by Consent in which he admitted to misconduct in connection with three separate immigration matters and agreed to public discipline in the form of a reprimand. Specifically, in 2014 and 2015, several clients retained respondent to represent them in immigration matters and paid him legal fees. During the course of representation, respondent failed to reply to the clients' phone calls, communicate with the clients about their cases or otherwise perform work on some of their cases. Respondent also failed to supervise his legal assistant's meetings with some of the clients. Respondent returned the clients' legal fees only after each client filed a complaint against him.
Respondent conditionally admitted that his conduct violated Arizona's Ethics Rules of Professional Conduct. The parties agreed that after taking into account the aggravation (multiple offenses and substantial experience in the practice of law [ABA Standards for Imposing Lawyer Sanctions §§ 9.22(d) and 9.22(i)]) and mitigation (no prior discipline and personal or emotional problems [id. §§ 9.32(a) and 9.32(c)]), a sanction of reprimand was warranted. In April 2017, the Arizona Supreme Court accepted the parties' Agreement for Discipline by Consent and ordered that respondent be reprimanded.
The AGC commenced this proceeding for reciprocal discipline after it learned of respondent's sanction in Arizona. In response, respondent asserts that he should be permitted to negotiate discipline by consent and that the AGC should have contacted him and permitted him to submit mitigation evidence before it commenced the reciprocal disciplinary proceeding. Alternatively, respondent requests that reciprocal discipline be limited to a "private reprimand."
The AGC's motion for reciprocal discipline against respondent should be granted. On a motion for reciprocal discipline, the AGC must make an "application [to this Court] . . . containing proof that a person . . . has been disciplined by a foreign jurisdiction" (22 NYCRR 1240.13[a]). In response, that person must demonstrate "why discipline should not be imposed in New York for the underlying misconduct" (id.). The response to a petition for reciprocal discipline may include "an affidavit stating defenses to the imposition of discipline and raising any mitigating factors" (22 NYCRR 1240.13[b]). A respondent is limited to the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; or (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (id.).
Here, the AGC's motion should be granted because the AGC has demonstrated that respondent was disciplined by the Arizona Supreme Court for certain misconduct and respondent has failed to show why discipline should not be imposed in New York for that misconduct. Respondent does not raise any of the defenses provided in 1240.13(b) or present any mitigation evidence.
Respondent's assertion that the AGC's motion should be denied on the ground that he was not given the opportunity to present mitigation evidence to the AGC is without merit. Respondent's opportunity to submit mitigation evidence was in his response to the AGC's motion to this Court. The AGC had no obligation to solicit mitigation evidence from respondent or to contact him before it commenced the reciprocal discipline proceeding. It was simply required to seek an order for reciprocal discipline once it discovered that respondent had been disciplined in Arizona. Moreover, respondent's request to proceed on discipline by consent is [*2]without basis as this is a reciprocal discipline proceeding where we are giving deference to the findings of the foreign jurisdiction.
The only remaining issue is the appropriate sanction to impose. As a general rule, in reciprocal discipline matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]). A public censure in New York is in accord with this Court's precedent involving similar misconduct (see e.g., Matter of Vialet, 120 AD3d 91, 95-96 [1st Dept 2014]; Matter of Rudrakumaran, 113 AD3d 107, 109 [1st Dept 2013]).
Accordingly, the petition for reciprocal discipline is granted and respondent should be publicly censured pursuant to 22 NYCRR 1240.13.
All concur.
Order filed. [March 5, 2019]
Motion for reciprocal discipline is granted and respondent is publicly censured pursuant to 22 NYCRR 1240.13.