Matter of Byrne (2019 NY Slip Op 04778)





Matter of Byrne


2019 NY Slip Op 04778


Decided on June 13, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, Rosalyn H. Richter, Barbara R. Kapnick, Marcy L. Kahn, Cynthia S. Kern, Justices.


M-1931

[*1]In the Matter of James P. Byrne, (admitted as James Peter Byrne), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, James P. Byrne, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, James P. Byrne, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 20, 1992.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent James P. Byrne was admitted to the practice of law in the State of New York [*2]by the First Judicial Department on July 20, 1992 under the name James Peter Byrne. Respondent's last known business address listed with OCA is located in New Jersey, where he was admitted to practice law in 1991.
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and the doctrine of reciprocal discipline, disciplining respondent predicated upon discipline imposed by the Supreme Court of New Jersey, and directing him to demonstrate why discipline should not be imposed for the underlying misconduct, or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent was served with the motion but he has not submitted a response.
In 2018, respondent was suspended for three months in New Jersey having been found guilty of, inter alia, gross neglect, lack of diligence, failure to communicate with a client and protect the client's interests and lying to the client about the status of her legal matter. Respondent failed to cooperate in the New Jersey proceeding, resulting in his default and suspension.
Respondent has a disciplinary history in New Jersey. In 2006, the Supreme Court of New Jersey reprimanded respondent for, inter alia, conflict of interest, failure to supervise nonlawyer employees and failure to prepare written fee agreements. In 2015, the Supreme Court of New Jersey declared respondent ineligible to practice for failure to, inter alia, pay his annual registration to the Lawyers' Fund for Client Protection. By order filed November 3, 2016, effective December 2, 2016, the Supreme Court of New Jersey temporarily suspended respondent from the practice of law for failure to comply with the terms of a fee arbitration determination.
In April 2017, New Jersey's District Ethics Committee (DEC) filed a 10 count complaint charging respondent with violating multiple New Jersey Rules of Professional Conduct (NJRPC) involving one client matter. Although service of process was found to be proper, respondent failed to answer the complaint and the matter was presented to the New Jersey Disciplinary Review Board (DRB). By a decision dated February 1, 2018, the DRB found that respondent defaulted in the proceeding and the facts recited in the complaint supported several charges of unethical conduct.
According to the DRB's decision, respondent was retained by a client in 2009 to file a bankruptcy petition for which she paid a retainer and a filing fee. By taking very little action on the client's behalf and never filing the bankruptcy petition over the following four years, respondent was found in violation of NJRPC 1.1(a) (gross neglect) and 1.3 (lack of diligence). Between 2009 and 2014, respondent was in communication with the client but did not inform her that he had failed to file her bankruptcy petition. In 2015, respondent did not respond to several of the client's requests for information and in 2016, when the client called respondent, his phone had been disconnected. Thus, the DRB found that respondent had failed to communicate with his client in violation of NJRPC 1.4(b).
As noted above, in 2015, following his retention by the client, respondent was declared ineligible to practice law. The DRB found in its decision that respondent effectively terminated the representation with the client after being declared ineligible to practice law. Respondent failed to return the unearned legal fee, bankruptcy filing fee and the client's original bills. By doing so, he violated NJRPC 1.16(d) (failure to protect the client's interests upon termination of representation).
Moreover, by failing to reply to the DEC's numerous requests for information and to file an answer to the complaint, respondent was found to have violated NJRPC 8.1(b) (failure to cooperate with an ethics investigation) and by lying to the client about the status of her bankruptcy matter and leading her to believe that it was proceeding when respondent had actually done nothing to further her claim, respondent violated NJRPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).
As to sanction, the DRB noted the aggravating nature of respondent's default in the proceeding, his 2006 reprimand and the fact that he had essentially abandoned his client insofar as he took her money and performed no work for four years, misrepresented the status of the case and eventually became unavailable by moving out of state and not informing her that he was [*3]doing so. Thus, the DRB reasoned that a three-month suspension was the appropriate sanction.
By order filed October 2, 2018, the Supreme Court of New Jersey noted the DRB's decision and recommendation as to the sanction and that respondent failed to appear before the court, and ordered respondent suspended for three months, effective immediately and that he remain suspended pursuant to its prior order of November 3, 2016, pending his compliance with the fee arbitration determination.
The AGC now moves for reciprocal discipline predicated upon the three-month suspension imposed by the Supreme Court of New Jersey. On March 29, 2019, respondent was served with this motion by publication in the New York Law Journal after all letters sent to his last known address were returned and he failed to respond to emails sent by the AGC. As in the New Jersey proceeding, respondent has not appeared in this proceeding.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13(c), respondent may raise the following defenses: (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York. As respondent has defaulted, he has not raised any of the aforementioned defenses.
In any event, none of the defenses under 22 NYCRR 1240.13 apply to this matter. Respondent was provided with sufficient notice and an opportunity to be heard in the New Jersey proceeding and defaulted there as well. In addition, the findings of misconduct made by the DRB and the New Jersey Supreme Court were sufficiently supported by the record. Further, the misconduct for which respondent was disciplined in New Jersey would also constitute misconduct in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3(a) (diligence), 1.3(b) (neglect), 1.4 (failure to communicate), 1.16(e) (failure to protect client's interests upon termination of representation) and 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).
Turning now to the appropriate sanction to be imposed, as a general rule, in reciprocal discipline matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]). A three-month suspension is in accord with this Court's precedent involving similar misconduct and in light of respondent's default and prior disciplinary history (see e.g. Matter of Alford, 166 AD3d 80 [1st Dept 2018]; Matter of McHallam, 160 AD3d 89 [1st Dept 2018]; Matter of Johannes, 66 AD3d 39 [1st Dept 2009]).
Accordingly, the motion for reciprocal discipline should be granted and respondent suspended from the practice of law for a period of three months and until further order of the Court.
All concur.
Order filed.[June 13, 2019]
The Committee's motion for reciprocal discipline is granted, and respondent is suspended from the practice of law in the State of New York for a period of three months, effective July 15, 2019, and until further order of this Court.