100

[801 NYS2d 825]

In the Matter of YALE M. FISHMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 19, 2005

**APPEARANCES OF COUNSEL**

*Faith Lorenzo*, Hauppauge (*Dianne M. Saccone* of counsel), for petitioner.

*Sarah Diane McShea,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated April 27, 2004, containing one charge of professional misconduct. After a prehearing conference on June 8, 2004, and a hearing on August 4, 2004, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent's counsel submitted an affirmation requesting that the Court impose a public censure on the respondent.

Charge One alleges that the respondent engaged in illegal and unethical conduct, conduct prejudicial to the administration of justice, and conduct which adversely reflects on his fitness to practice law in that he has been convicted of a crime.

On or about June 3, 2002, an information was filed in the United States District Court for the Southern District of New York, charging the respondent with one count of misprision of felony, in violation of 18 USC § 4, a federal felony. On June 4, 2002, he entered a plea before the Honorable Denny Chin to the crime charged. He was sentenced on November 21, 2002, to a term of probation of two years. A fine in the sum of $5,000 and a mandatory surcharge in the sum of $100 were imposed.

Inasmuch as the charge is totally uncontroverted, the Special Referee properly sustained it. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he derived no profit from his wrongdoing, that he earns his living as a financial planner and insurance broker, and that the insurance departments of the states in which he is licensed, including New York, have permitted him to continue as an insurance broker, notwithstanding his criminal conviction. The respondent further notes that he has refrained from practicing law in New York during the period of his New Jersey suspension although not prohibited from doing so. His license to practice law in New Jersey was reinstated by order of the Supreme Court of that state dated September 2, 2004 (*Matter of Fishman,* 181 NJ 290, 855 A2d 567 [2004]). The Grievance Committee submits that no prior complaints were ever investigated against respondent.

Notwithstanding the substantial mitigation advanced by the respondent, he has been convicted of a crime which discredits the legal profession. The respondent acted to assist others in hiding a crime and compounded that act by failing to disclose the illegal acts to the appropriate authorities, resulting in his conviction of a misprision of felony. Such acts clearly impair public confidence in attorneys.

Under the totality of circumstances, the respondent is suspended from the practice of law in New York for a period of one year.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Yale M. Fishman, is suspended from the practice of law for a period of one year, commencing October 19, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that during the one-year period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Yale M. Fishman, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Yale M. Fishman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).