■ In the Matter of GLORIA S. CALONGE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [859 NYS2d 536]—

Per Curiam. Respondent was admitted to practice by this Court in 1994. She maintained an office for the practice of law in Virginia.

On October 1, 2007, respondent was convicted upon her plea of guilty in the United States District Court for the Eastern District of Virginia of misprision of felony, a federal felony, in violation of 18 USC § 4. Respondent admitted that she wrote and mailed a letter to the United States Citizenship and Immigration Services for the purpose of concealing a fraudulent certification of employment that had previously been submitted to the agency. Respondent was sentenced on January 25, 2008 to 30 days of incarceration commencing July 1, 2008, followed

by one year of supervised release to include three months of home confinement, and a $5,000 fine.

Petitioner now moves for a final order of discipline pursuant to Judiciary Law § 90 (4) (d) and (g) based upon respondent's conviction and sentence for a serious crime. Respondent has filed a reply affidavit setting forth mitigating circumstances. She also states that the Virginia State Bar has suspended her from practice for a period of two years.

A conviction of misprision of felony under 18 USC § 4 constitutes a serious crime pursuant to Judiciary Law § 90 (4) (d) (see *Matter of Fishman*, 22 AD3d 100 [2005]; *Matter of Fronk*, 238 AD2d 82 [1997]). As her conviction became final upon sentencing, imposition of final discipline is now appropriate (see *Matter of Delany*, 87 NY2d 508 [1996]). Having considered the factors and circumstances presented, we conclude that respondent should be suspended from practice for a period of two years.

Mercure, J.P., Spain, Carpinello, Kane and Malone Jr., JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).