Matter of McKenzie (2019 NY Slip Op 06729)





Matter of McKenzie


2019 NY Slip Op 06729


Decided on September 24, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Judith J. Gische, Justice Presiding,
Marcy L. Kahn
Jeffrey K. Oing
Anil C. Singh
Peter H. Moulton, Justices.


M-2903 

[*1]In the Matter of Edward P. McKenzie, (admitted as Edward Paul McKenzie), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Edward P. McKenzie, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Edward P. McKenzie, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on August 22, 1983.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Sean A. Brandveen, of counsel), for petitioner.
Catherine L. Redlich, Esq., for respondent.



Per Curiam


Respondent Edward P. McKenzie was admitted to the practice of law in the State of New York by the First Judicial Department on August 22, 1983, under the name Edward Paul [*2]McKenzie. Respondent's last known business address as listed with the Office of Court Administration is located in Miami, Florida. This Court retains jurisdiction over respondent as the Judicial Department in which he was admitted to practice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
By order entered December 6, 2018, the Supreme Court of New Jersey suspended respondent from the practice of law in that state for a period of one year based upon respondent's having entered a plea of guilty before the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, to the misdemeanor offense of compounding a crime (14 V.I.C. § 521[a][3]).[FN1]
The Attorney Grievance Committee now seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13 and the doctrine of reciprocal discipline, disciplining respondent predicated upon discipline imposed upon him by the Supreme Court of New Jersey, and directing him to demonstrate why discipline should not be imposed for the underlying misconduct, or, in the alternative, sanctioning respondent as this Court deems appropriate.
In January 2018, the New Jersey Office of Attorney Ethics (OAE) filed a motion petitioning the Disciplinary Review Board (DRB) to recommend to the New Jersey Supreme Court that respondent be suspended for 18 months in accordance with New Jersey Court Rule 1:20-13(c)(2). Respondent, through his counsel, submitted a written response to the motion, arguing that the circumstances warranted a maximum suspension of three months. Thereafter, both the OAE and respondent's counsel appeared before the DRB for a hearing.
The DRB issued a decision finding that respondent's entry of a plea on March 30, 2017 before the Virgin Islands Superior Court, in accordance with North Carolina v Alford (400 US 25 [1970]), to the misdemeanor offense of compounding a crime, was conclusive evidence of guilt in a disciplinary proceeding.
The DRB decision detailed respondent's involvement, together with at least three other individuals, in a scheme to manipulate the outcome of a government-administered real estate auction held in the United States Virgin Islands. Specifically, at an August 30, 2012 auction of property located in the Virgin Islands, respondent placed a winning bid of $75,000.00, purportedly at the behest of a codefendant, and then failed to pay the required deposit or purchase the property at the bid price, thereby rendering the property subject to purchase by another bidder or individual at a substantially lower price.
The Office of the Attorney General of the Virgin Islands commenced prosecution of respondent for his role in the fraudulent scheme, charging him with conspiracy (14 V.I.C. §§ 551[1], 552), obtaining money by false pretense (14 V.I.C. § 834[2]), conversion of government property (14 V.I.C. §§ 895(a), 11[a]) and criminally influenced and corrupt organizations conspiracy (14 V.I.C. §§ 605[a], 605[d], 604[e][15], [16], [19]).
On March 17, 2017, a hearing was held before the Virgin Islands Superior Court at which the prosecutor stated that the parties had entered into a plea agreement, pursuant to which [*3]respondent would enter an Alford plea of guilty to a single count of compounding a crime, in exchange for a sentence of 90 days' incarceration with all time of service of his sentence suspended, credit for time served (one day), placement on probation for a period of one year and 100 hours of community service. During the plea phase of the hearing, respondent conceded that the government would have proven at trial that he had knowingly concealed the crime of obtaining property under false pretenses. The Virgin Islands Superior Court accepted respondent's Alford plea, dismissed the four remaining counts against respondent and imposed the promised sentence.
The DRB held that respondent was bound by the facts as they were stated during the plea phase of his hearing before the Virgin Islands Superior Court, including his admission that he had knowingly concealed the crime of obtaining property under false pretenses.
In considering the issue of the appropriate sanction for respondent's misconduct, the DRB noted that there were no New Jersey disciplinary cases directly on point, but found that respondent's misdemeanor was "somewhat analogous" to the federal crime of misprision of felony (18 USC § 4 [a person is guilty of misprision of felony when, "having knowledge of the actual commission of a felony . . ., [that person] conceals and does not as soon as possible make known the same to [the authorities]"). The DRB further found that a three-month suspension would be insufficient to address respondent's overall misconduct, since he likely had some knowledge of his codefendant's underlying scheme. Nevertheless, the 18-month suspension requested by the OAE seemed to the DRB to be too severe a sanction for a single misdemeanor offense that ultimately caused no permanent harm, as the property in question was apparently returned to its original owner, and respondent had no prior disciplinary history. All six participating DRB members agreed that respondent violated New Jersey Rules of Professional Conduct (NJRPC) rules 8.4(b)[FN2] and 8.4(c)[FN3] but could not reach a censensus on the appropriate sanction to be imposed, with three members voting for a six-month suspension from the practice of law in New Jersey and three members voting for a one-year suspension.
Thereafter, the DRB's decision was filed with the Supreme Court of New Jersey, which, as noted, determined that the appropriate sanction for respondent's misconduct, in violation of NJRPC 8.4(b) and 8.4(c), was a one-year suspension and imposed that sanction, effective January 4, 2019.
By order entered May 15, 2019, the Supreme Court of South Carolina, in accordance with the New Jersey Supreme Court's order, reciprocally suspended respondent from the practice of law in South Carolina for a period of one year.
As noted above, the Committee now seeks reciprocal discipline of respondent predicated upon the one-year suspension imposed by the Supreme Court of New Jersey. No response to this motion has been submitted by respondent.
Where an order imposing reciprocal discipline pursuant to 22 NYCRR 1240.13 is sought, a respondent may raise, to the extent applicable, any or all of the following defenses: (1) the foreign jurisdiction procedure in question "was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process," (2) there was "an infirmity of proof establishing the misconduct," (3) "the misconduct for which the respondent was disciplined in the foreign jurisdiction does not constitute misconduct in New York" (22 NYCRR 1240.13[b]).
Here, as respondent has failed to submit a response to the instant motion, he has not raised any such defenses. In any event, respondent could not have successfully raised any of the defenses set forth in 22 NYCRR 1240.13(b). Respondent was represented by counsel both in the criminal proceedings before the Virgin Islands Superior Court and in the disciplinary proceedings held in New Jersey. His counsel in the latter proceedings was afforded an opportunity to be heard during the DRB hearing and vigorously argued on respondent's behalf. As the DRB decision reflects, the DRB considered all of counsel's arguments and mitigating factors in finding that respondent's misconduct warranted a sanction.
Furthermore, the findings of misconduct made by both the DRB and the New Jersey Supreme Court were thorough and sufficiently supported by the record. Specifically, the DRB's findings were based upon respondent's entry of an Alford plea to compounding a crime, a misdemeanor, in violation of 14 V.I.C. § 521(a)(3). The DRB rejected respondent's attempts to relitigate his conviction, finding that he was bound by the facts as they were presented during his plea proceedings.
Moreover, the misconduct for which respondent was disciplined in New Jersey would constitute misconduct in this state in violation of the New York Rules of Professional Conduct (22 NYCRR 1200.6) (NYRPC) rules 8.4(b) and 8.4(c). Indeed, the language of each of the subdivisions of rule 8.4 in question here is substantially similar to that of its New Jersey counterpart.
Thus, the only remaining issue for this Court to determine is the appropriate sanction to be imposed. As a general rule, in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Berman, 162 AD3d 21, 23-24 [1st Dept 2018]; Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]).
Although research reveals no recorded precedent in this Court regarding the appropriate sanction for the specific crime in question in this matter, we find, as did the New Jersey disciplinary authorities, that the U.S. Virgin Islands misdemeanor offense of compounding a crime (14 V.I.C. § 521[a][3]) is somewhat analogous to the federal offense of misprision of felony (18 USC § 4).
Accordingly, we now turn to New York case law regarding disciplinary sanctions imposed upon attorneys convicted of misprision of felony for guidance as to the appropriate sanction to be imposed here, beginning with our own Court's precedent. As noted above, "a person [is] guilty of misprision of felony' when, knowing of the commission of a felony, [that person] failed to report it to the authorities" (People v Williams, 20 AD3d 72, 77, n 1 [1st Dept 2005] lv denied 5 NY2d 811 [2005]). In Matter of Bolan (28 AD3d 172 [1st Dept 2006]), the respondent had pleaded guilty to a federal indictment for misprision of felony, an offense which, as this Court took pains to note, the Departmental Disciplinary Committee (as the Committee was known at that time) termed a "serious crime" (id. at 173). In lieu of a response to the serious crime petition, this Court accepted the resignation of the respondent, an 81-year-old attorney, and struck his name from the rolls (id. at 173-174).
With regard to the question of what sanction would be appropriate to impose in the instant matter, Matter of Fishman (22 AD3d 100 [2d Dept 2005]) is instructive. In Fishman, where the respondent had entered a guilty plea to a federal indictment for misprision of felony, the Second Department imposed a one-year suspension on the respondent, notwithstanding the respondent's assertion that he derived no financial benefit from his misconduct (id. at 101-102). The Fishman Court reasoned that misprision of felony is "a crime which discredits the legal profession" and that the respondent failed to disclose illegal acts to the authorities, which acts "clearly impair public confidence in attorneys" (id. at 102). Because those characterizations of misprision of felony are equally applicable to the offense of compounding a crime committed by respondent in this matter, the appropriate sanction to be imposed here should be similar to that imposed in Fishman. For this reason, and giving significant weight to the sanction imposed by [*4]the New Jersey Supreme Court, the imposition of a one-year suspension is warranted in this matter.
The Third and Fourth Departments have imposed two-year suspensions as sanctions for misprision of felony under circumstances where either a foreign jurisdiction had previously imposed a two-year suspension from the practice of law in that jurisdiction for that same offense (see Matter of Calonge, 52 AD3d 1111, 1112 [3d Dept 2008] [imposing two-year suspension where the Virginia State Bar had previously imposed a suspension of the same duration on the respondent]) or where the respondent's federal conviction resulted from his failure to report a crime of an even more serious nature than the fraudulent scheme in question here, and the sanction was imposed without mention of any previous imposition of a disciplinary sanction by a foreign jurisdiction related to that conviction (see Matter of Fronk, 238 AD2d 82, 83 [4th Dept 1997] [imposing two-year suspension where the respondent failed to report to the authorities that an individual was utilizing a communications facility to distribute cocaine]). Neither of the particular circumstances presented in Calonge and Fronk, which resulted in the imposition of a two-year suspension in each of those cases, are present in the instant matter, however.
Accordingly, the Committee's motion for reciprocal discipline should be granted to the extent of suspending respondent from the practice of law for a period of one year and until further order of the Court.
All concur.
Order filed. [September 24, 2019]
The motion for reciprocal discipline is granted to the extent that respondent is suspended from the practice of law in the State of New York for a period of one year, effective the date hereof.



Footnotes

Footnote 1: 14 V.I.C. § 521(a)(3) provides: "Whoever, having knowledge of the actual commission of a crime, takes money or property of another or any gratuity or reward, or an engagement or promise therefor, upon any agreement or understanding, express or implied, to compound or conceal such crime, or a violation of this title or other law, or to abstain from, discontinue, or delay, a prosecution therefor, or to withhold any evidence thereof, except in a case provided for by law in which the crime may be compromised by leave of court, shall be imprisoned not more than - . . . ninety days or fined not more than $100, or both, where the agreement or understanding relates to a misdemeanor."

Footnote 2: NJRPC 8.4(b) provides, in pertinent part, that "[i]t is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyers' honesty, trustworthiness or fitness as a lawyer in other respects." 

Footnote 3: NJRPC 8.4(c) provides, in pertinent part, that "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."