Matter of Beskin (2022 NY Slip Op 02996)

Matter of Beskin

2022 NY Slip Op 02996

Decided on May 4, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2021-02190

[*1]In the Matter of Kenneth Stephen Beskin, an attorney and counselor-at-law. (Attorney Registration No. 1263904)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on January 28, 1974. By order to show cause dated April 20, 2021, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by order of the United States Court of Appeals for Veterans Claims dated March 1, 2021.

Catherine A. Sheridan, Hauppauge, NY (Elizabeth A. Grabowski of counsel), for the Grievance Committee for the Tenth Judicial District.
Kenneth Stephen Beskin, Woodbury, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
By order dated March 1, 2021, the United States Court of Appeals for Veterans Claims (hereinafter the USCA) publicly reprimanded the respondent for his professional misconduct.
The Federal Proceedings 
The respondent is a member of the bar of the USCA, and became the subject of a grievance filed by the clerk of the court for his alleged repeated failure to respond to court orders and failure to comply with the court's rules of practice and procedure involving seven appeals. On July 7, 2020, the court referred the matter to its Committee on Admission and Practice (hereinafter the Committee). On November 5, 2020, the Committee submitted its report to the court. That same day, the court ordered the respondent to show cause why the court should not impose a suspension of six months with conditions concerning continuing legal education and supervised practice. On December 8, 2020, the respondent submitted a timely response to the court's order to show cause.
By order dated March 1, 2021, the USCA found that the respondent violated rules 1.1 (competence) and 1.3 (diligence) of the Model Rules of Professional Conduct (hereinafter Model Rules), as well as the corresponding provisions of the New York Rules of Professional Conduct, in his representation of seven clients with appeals before the court. Specifically, the court found, as follows:
"First, respondent consistently submitted documents that did not conform to the Court's Rules of Practice and Procedure. This noncompliance required the Court to repeatedly issue orders informing respondent that his filings did not comply. In many cases, even after being told that a filing was noncompliant, respondent filed a replacement document that also failed to comply with the Court's [*2]rules. This conduct delayed the processing of the appeals and needlessly burdened the Court. Second, respondent consistently failed to timely comply with Court orders. In some cases, he would ignore the orders entirely. In others, he would eventually comply without providing any explanation for missing the Court imposed deadline or seeking an extension. Third, in many of the appeals we have considered, respondent's arguments were underdeveloped both factually and legally. By missing multiple filing deadlines, repeatedly ignoring Court orders[,] submitting nonconforming documents, and filing substandard legal arguments, respondent has demonstrated an inability or unwillingness to adequately prepare his cases and to follow this Court's procedures in violation of Model Rule 1.1 and N.Y. Rules 1.1(a), 1.3(a), and 3.3(f)(3).
. . .
"As a member of this Court's bar since November 2013 . . . , respondent should be aware of this Court's Rules of Practice and Procedure. His behavior shows an apparent lack of respect and blatant disregard for this Court's rules and constitutes professional misconduct."
In determining an appropriate sanction to impose, the USCA noted the existence of aggravating circumstances, including that the respondent's conduct involved a pattern of misconduct, with multiple offenses, committed by an attorney with substantial experience. In mitigation, the court considered the respondent's absence of a prior disciplinary record and presumed absence of selfish or dishonest motive, and his expression of regret and desire to improve the quality of his representation. Based on the foregoing, the court publicly reprimanded the respondent, placed him on probation for a period of 6 months, required him to complete at least 12 hours of continuing legal education, and required him to engage with a mentor in the area of veterans law during the period of probation.
New York Proceedings 
By order to show cause dated April 20, 2021, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the order of the USCA, dated March 1, 2021, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Tenth Judicial District.
In a response dated April 30, 2021, the respondent did not dispute the discipline imposed by the USCA, and affirmatively noted that he was given adequate notice and opportunity to be heard, that there was no infirmity of proof, and that the misconduct underlying the court's order constitutes misconduct in the State of New York.
In mitigation, among other things, the respondent requests the Court consider his lack of prior disciplinary history in 47 years of practice, the absence of selfish or dishonest motive, that he has already begun to comply with the conditions set forth in the USCA's order, and that he regrets the misconduct giving rise to the underlying order of discipline.
As to whether this Court should impose reciprocal discipline, the respondent contends that a "conforming order . . . would be appropriate."
Findings and Conclusion 
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted, and conclude that the respondent should be publicly censured based on the misconduct underlying the discipline imposed by the order of the USCA dated March 1, 2021.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that, pursuant to 22 NYCRR 1240.13, the respondent is publicly censured.
ENTER:
Maria T. Fasulo
Clerk of the Court