Matter of Blickman (2022 NY Slip Op 04279)

Matter of Blickman

2022 NY Slip Op 04279

Decided on July 05, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 05, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,J.P.,
Troy K. Webber
Angela M. Mazzarelli
Ellen Gesmer
Manuel J. Mendez, JJ.

Motion No. 2022-01792 Case No. 2022-01786 

[*1]In the Matter of Michael A. Blickman, (Admitted as Michael Allen Blickman), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael A. Blickman, (OCA Atty. Reg. No. 1624139), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 16, 1979.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Norma I. Lopez, of counsel), for petitioner.
Thomas E. Mixdorf, Esq., for respondent.

Per Curiam 

Respondent Michael A. Blickman was admitted to the practice of law in the State of New York by the First Judicial Department on July 16, 1979, under the name Michael Allen Blickman. Respondent maintains a registered business address in Indiana. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [a][2]).
The Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13 and the doctrine of reciprocal discipline, to publicly censure respondent upon finding that he has been disciplined by a foreign jurisdiction and failed to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in Indiana.
On December 14, 2015, respondent, as outside counsel for a private high school, along with the school's headmaster, met with the father of a 15-year old student who informed them of inappropriate communication made by a teacher to his daughter. At respondent's request, the father gave respondent his daughter's laptop computer containing sexually explicit images and messages sent by the teacher. The teacher was later fired and eventually sentenced to 14 years in prison on federal criminal charges.
After advising the school's headmaster that the Department of Child Services (DCS) should be notified, respondent discussed a potential settlement agreement with the attorney for the family which included, in relevant part, a confidentiality provision prohibiting disclosure of the agreement or information regarding the matter to anyone other than their attorney. Pertinently, the agreement was never executed but it would have prohibited cooperation with law enforcement. At one point, when the family was contacted by DCS, respondent told the family that any cooperation with the agency would violate the confidentiality clause. Although he later retracted that position, the family had cancelled its appointment with DCS.
Additionally, respondent instructed a computer specialist at his law firm to make copies of the offending content on the victim's computer and place them on a thumb drive. Respondent, who believed he was preserving evidence that could have been considered child pornography (and that there was a possibility that the evidence would be deleted from the computer as other images had been deleted), placed the thumb drive in a sealed envelope in a cabinet in his office and returned the laptop computer to the school (which in turn returned it to the father).
On January 5, 2016, DCS and the police department, who learned of the incident and of the material provided to the school, attempted to interview the headmaster and associate headmaster; they were referred to respondent who refused to provide police with further information. The next day, respondent and the [*2]family's attorney called the state prosecutor to persuade him that an investigation would not be in the student's best interests. Respondent did not disclose that he had copies of the evidence nor that he had refused to comply with law enforcement the previous day. The state prosecutor instructed law enforcement to move forward with search warrants.
On January 7, 2016, police executed a search warrant on, among other places, the school, and respondent was summoned to the scene. During approximately one hour of questioning, respondent repeatedly concealed from law enforcement that he possessed the material sought. However, after he conferred privately with the headmaster, he disclosed to police that he had copies of the material at his office but that they were privileged. After again conferring privately with the headmaster, respondent told police that his client was willing to waive privilege and that he would turn over the materials.
In November 2018, the Indiana Disciplinary Commission (IDC) filed a disciplinary complaint against respondent in connection to these events. By an April 16, 2020 report, the Hearing Officer found that respondent violated Indiana Rules of Professional Conduct (IN RPC) rule 1.1 (failure to provide competent representation) and recommended that respondent be publicly reprimanded. The Hearing Officer based this determination on the finding that respondent proposed a settlement agreement which included a confidentiality provision prohibiting "the family from discussing this incident with any other person (other than their counsel) . . . The language . . . would silence the family's efforts to report this matter to law enforcement as well as to DCS." Respondent failed to provide an adequate explanation for this failure. Upon review of the Hearing Officer's liability findings, the Indiana Supreme Court found respondent also in violation of IN RPC 8.4(d)(conduct prejudicial to the administration of justice) and otherwise affirmed the Hearing Officer's rule 1.1 finding and recommendation of a public reprimand.
The court opined that respondent's pursuit of the confidentiality agreement ultimately harmed the reputation of his client and contributed to his client's criminal exposure "(deferred prosecution agreement citing the proposed confidentiality agreement as one of several grounds subjecting [the school] to prosecution for misprision of a felony)." In finding that respondent violated IN RPC 8.4(d), the court held that "[t]he fact the settlement agreement was never executed is inapposite to a Rule 8.4(d) analysis, because it is the impropriety of the demand that gives rise to the violation." The court found that respondent effectively caused the student's father to cancel an interview with the DCS when he sent an email to the father upon learning of the scheduled interview, stating, "[d]iscussions with [DCS] and/or IMPD would not be permitted under the [proposed] agreement."
The court further found that respondent's [*3]follow up email to the family's attorney stating that the proposed confidentiality provision did not apply to inquiries by law enforcement was not curative because by the time respondent sent this email, search warrants already had been executed at the school and the student's home, and respondent had been forced to disclose the existence of and turn over the material in his possession.
The AGC asserts that reciprocal discipline should be imposed herein because "[t]he misconduct for which respondent was disciplined in Indiana — failing to provide competent representation, Rule 1.1, and engaging in conduct prejudicial to the administration of justice, Rule 8.4(d) — also constitutes sanctionable misconduct in New York." The AGC served this motion on respondent's law partner Thomas E. Mixdorf, who is not admitted in New York but agreed to accept service on respondent's behalf. Nevertheless, respondent has not submitted a response.
Notwithstanding that respondent has not asserted any of the enumerated
defenses to reciprocal discipline, it is submitted that none are available to him because: (1) he received notice of the charges against him and, represented by counsel, fully
participated in the proceedings before the Hearing Officer and the Indiana Supreme
Court; (2) the misconduct findings at issue are sufficiently supported by the record; and (3) the misconduct for which respondent was disciplined in Indiana would constitute misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1(a) and 8.4(d). Therefore, reciprocal discipline should be imposed.
Regarding the appropriate disciplinary action to impose, this Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]), and only in rare instances will this Court depart from its general rule (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]; Matter of Lowell, 14 AD3d 41 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005]), lv denied 5 NY3d 708 [2005]).
Public censure, as requested by the AGC, is the appropriate sanction herein as it is commensurate with the discipline imposed by the Indiana Supreme Court and in general accord with precedent involving arguably comparable misconduct (see e.g. Matter of McNeely, 163 AD3d 227 [1st Dept 2018]; see also Matter of Cardillo, 123 AD3d 147 [1st Dept 2014]; Matter of Beskin, __AD3d__, 2022 NY Slip Op 02996 [2d Dept 2022]; Matter of Blair, 119 AD3d 69 [2d Dept 2014].
Accordingly, the AGC's motion should be granted, and respondent Michael A. Blickman, admitted as Michael Allen Blickman, is publicly censured.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, [*4]predicated upon similar discipline imposed by the Indiana Supreme Court, is granted, and
It is further ordered that respondent, Michael A. Blickman, admitted as Michael Allen Blickman, is publicly censured for the underlying misconduct.
Entered: July 5, 2022